08-24-00155-CR through 08-24-00157-CR  08-24-00199-CR
08-24-00159-CR through 08-24-00161-CR  08-24-00201-CR through 08-24-00202-CR
08-24-00163-CR through 08-24-00180-CR  08-24-00204-CR through 08-24-00209-CR
08-24-00183-CR through 08-24-00197-CR  08-24-00212-CR through 08-24-00213-CR

ACCEPTED
08-24-00155-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/25/2024 11:22 AM
ELIZABETH G. FLORES
CLERK

# IN THE COURT OF APPEALS
## FOR THE EIGHTH DISTRICT OF TEXAS

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/25/2024 11:22:30 AM
ELIZABETH G. FLORES
Clerk

THE STATE OF TEXAS

v.

Appeal from the
County Court at Law Number Seven

| | | |
|---|---|---|
| MELVIN ISMAEL ZURITA | 08-24-00155-CR | (20240C03822) |
| JOSBEIKER JOSE VILORIA | 08-24-00156-CR | (20240C03832) |
| LUIS ANTONIO VELASQUEZ | 08-24-00157-CR | (20240C03831) |
| RAFAEL ANGEL GONZALEZ FERNANDEZ | 08-24-00159-CR | (20240C03755) |
| ALDAIR MILLER VALENXIA | 08-24-00160-CR | (20240C03829) |
| JULIO ENRIQUE VEGA | 08-24-00161-CR | (20240C03830) |
| ELVIS STEFANO TORRES | 08-24-00163-CR | (20240C03828) |
| JOSE ANTONIO TORRELLES | 08-24-00164-CR | (20240C03827) |
| ENDERSON JOSE SILVA | 08-24-00165-CR | (20240C03826) |
| RAMON HEBERTO RUIZ | 08-24-00166-CR | (20240C03825) |
| JOSUE RAFAEL ROMERO | 08-24-00167-CR | (20240C03824) |
| SEBASTIAN ANDRES QUINTERO | 08-24-00168-CR | (20240C03821) |
| ANGEL EDUARDO QUINTERO | 08-24-00169-CR | (20240C03820) |
| ANGELO MOISES POLANCO | 08-24-00170-CR | (20240C03819) |
| WILSON SALVADO PALENCIA | 08-24-00171-CR | (20240C03816) |
| ULISES JOSE OLIVEROS | 08-24-00172-CR | (20240C03801) |
| LUIS ANGEL GONZALEZ | 08-24-00173-CR | (20240C03713) |
| RODRIGO ANDRES MARTINEZ | 08-24-00174-CR | (20240C03792) |
| MIGUEL ANGEL GARCIA | 08-24-00175-CR | (20240C03756) |
| LUIS JOSE MORA | 08-24-00176-CR | (20240C03799) |
| LUIS FERNANDO ORTIZ | 08-24-00177-CR | (20240C03811) |
| JOSE SNEYDER ORDONEZ | 08-24-00178-CR | (20240C03807) |
| JOSE DARIO PAZ | 08-24-00179-CR | (20240C03817) |
| HEIDER JEFRED PALACIOS | 08-24-00180-CR | (20240C03815) |
| KEVIN JOSE IRIARTE | 08-24-00183-CR | (20240C03782) |
| OMAR RAFAEL GONZALEZ | 08-24-00184-CR | (20240C03757) |
| EZER ANTONIO MONTIEL | 08-24-00185-CR | (20240C03797) |
| OSCAR ALBINO MARIN | 08-24-00186-CR | (20240C03728) |
| EYLER ROLL MOREJON | 08-24-00187-CR | (20240C03769) |
| LENIN ANTON SUAREZ | 08-24-00188-CR | (20240C03754) |

| | | |
|---|---|---|
| JELKEL MICHEL HERNANDEZ | 08-24-00189-CR | (20240C03781) |
| JUAN CARLOS PRESBI | 08-24-00190-CR | (20240C03770) |
| YORDAN JESUS QUINTERO | 08-24-00191-CR | (20240C03771) |
| CARLOS ANDRES RUBIO | 08-24-00192-CR | (20240C03752) |
| JOSE ESTEBAN VALERIANO | 08-24-00193-CR | (20240C03773) |
| ELEAZAR ISAAC PACHECO | 08-24-00194-CR | (20240C03813) |
| ALDEMARO RAIAEL PEREZ | 08-24-00196-CR | (20240C03737) |
| ASAEL DANIEL POLANCO | 08-24-00196-CR | (20240C03741) |
| LUIS IGNACIO VASQUEZ | 08-24-00197-CR | (20240C03775) |
| ANGEL GABRIEL MACHADO | 08-24-00199-CR | (20240C03789) |
| EMILIORANON TORRES | 08-24-00201-CR | (20240C03772) |
| CRISTIAN EDUARDO RODRIGUEZ | 08-24-00202-CR | (20240C03748) |
| DARWIN RAMON JIMENEZ | 08-24-00204-CR | (20240C03785) |
| DIEGO JESUS RIVAS | 08-24-00205-CR | (20240C03743) |
| DANIEL ALEXANDER PEREIRA | 08-24-00206-CR | (20240C03818) |
| GUSTAVO ANDRES ROBLES | 08-24-00207-CR | (20240C03747) |
| LUIS EDUARDO GONZALEZ | 08-24-00208-CR | (20240C03778) |
| DEIKER DAVID RAMIREZ | 08-24-00209-CR | (20240C03823) |
| ELISAUL ISMITH MENDEZ | 08-24-00212-CR | (20240C03795) |
| ELIGIO JOSE HERNANDEZ | 08-24-00213-CR | (20240C03779) |

## APPELLEE'S VERIFIED MOTION TO ABATE APPEAL

NOW COME APPELLEES, by and through their Attorney, Chief Public Defender Kelli M. Childress, and respectfully request that this appeal be temporarily abated and that the Trial Court be ordered to make findings to be included in the Clerk's Record on Appeal, and in support thereof, states as follows:

1. On May 21, 2024, the El Paso County Clerk's Office received from the 34th Judicial District Clerk's Office, a one-page document entitled "ORDER OF CERTIFICATION AND TRANSFER" (hereinafter "ORDER"), purporting to order the transfer of indicted cases from the 120th District Court to County Court at Law Number Seven. (See attached Exhibit A, 1 page).

2. The ORDER:

   a. bore the stamp of the District Clerk, although no case or record of any kind had been opened by the District Clerk;

   b. contained neither a name nor case number of any matters to which it applied;

   c. had no exhibit attached;

   d. was file stamped by the County Clerk. (Id).

3. Also on May 21, 2024, the County Clerk's Office received 59 documents each entitled "RE-INDICTMENT," purporting to charge these 50 Appellees, and 9 others, with a Class B misdemeanor offense, brought by the Grand Jury for the 120th District Court. (See attached Exhibit B, 59 pages).

4. The re-indictments had never been filed in the District Clerk's Office, but only in the County Clerk's Office, as evidenced by the Proof of Filing on the face of the indictments, showing their original filing to be made in the

office of El Paso County Clerk Delia Briones, and signed by her Deputy. None of the re-indictments were file stamped either by the District Clerk or by the County Clerk. (Id.).

5.  Also on May 21, 2024, the County Clerk's Office received an eight-page true bill list of cases heard by the Grand Jury for the 120th District Court. The eight pages were stapled together, but the document was not bound to any other document. The eight-page list was also not labeled, titled or marked in any way that would identify it as an appendix or exhibit. The eight-page document, like the re-indictments, was not file stamped either by the District Clerk's Office or the County Clerk's Office.

6.  When new case files are opened in the County Clerk's Office, a case number is assigned automatically by the case management system in which the files are kept. An audit trail in the system logs the exact minute that the matter is opened, and who opened it.

7.  Between May 23, 2024, at 1:58 p.m. and May 28, 2024, at 8:24 a.m., a court file was opened by Deputy County Clerk Cheryl Villa, for each of the 59 indictments received. (See attached Exhibit C, 59 pages).

8.  A copy of the ORDER, and each individual's respective one-page re-indictment were placed into each file upon opening.

9. Misdemeanor indictments are highly unusual, and in fact had never been done in the years that any of the individuals dealing with these cases have been employed by the County. The process explained to the County Clerk's Office included that the District Attorney was to prepare a list of cases for the District Court Judge whose Grand Jury returned misdemeanor indictments. That list would then be incorporated into the transfer order. Those matters were to be handled by the District Clerk, the District Attorney and the transferring judge. Then the indictments and orders would be delivered to the County Clerk in their final form. (Appellee's position is that the process as set forth by the District Courts, even when followed, does not comply with the law, in that the matters are not filed with and docketed by the District Clerk prior to transfer. The lawful process would have insured that the District Clerk placed all necessary documents into their file prior to transferring their file to the County Clerk. Here, however, even the set process was not followed).

10. On Thursday, June 6, 2024, at 9:00 a.m., the Trial Court held a consolidated hearing on 59 Pleas to the Jurisdiction, where it found that none of the 59 court files contained a transfer order that identified the case to which it applied. The Court took judicial notice of the ORDER

contained in each file and made a finding that each was a one-page document with no attachment. The State agreed on the record at hearing that the ORDER failed to identify a case to which it applied or to include an exhibit. RR Vol 2., p 63, l. 8-12. The Court indicated it would issue a ruling on the 59 matters the following day, Friday, June 7, 2024.

11. That afternoon, unbeknownst to the Trial Court or defense counsel, Assistant District Attorney Jennifer Vandenbosch, who was handling the matters heard that morning, had a conversation with Administrative Services Manager Diannia Leyva, a Supervisor at the El Paso County Clerk's Office. (The content of that conversation is discussed below).

12. On the afternoon of Friday, June 7, defense counsel used the El Paso County Clerk's case management system to view the Court file. At that time, she noticed the ORDER had been substantively changed since the hearing the prior morning, by the addition of eight pages behind the one-page ORDER. Further review indicated the same had been done in all 59 cases. In each, none of the new eight pages contained a file stamp or exhibit marking. No notices had been sent to the parties to indicate that anything new had been filed in the cases. No notation or documentation appeared in any of the files to document the alteration of the original one-

page ORDER. Defense counsel would not have known of the alterations had she not happened to open a file. (See attached Exhibit D, 9 pages).

13. Knowing the ORDER was under consideration by the Trial Court at the time it was altered, and that the alteration was never authorized or discussed in the presence of the defense, counsel immediately filed "DEFENDANT'S WRITTEN OBJECTION TO THE ALTERING OF COURT'S FILE WITHOUT NOTICE OR HEARING," in the case of State v. Victor Manuel Escalante, No. 20240C03711, with the intention of filing same in the other 58 cases on the following business day, Monday, July 10, 2024. (See attached Exhibit E, 4 pages).

14. On June 9, 2024, prior to any additional defense filings, the Court issued orders dismissing all 59 matters for lack of jurisdiction. (See attached Exhibit F, 118 pages).

15. On June 11, 2024, 34th Judicial District Attorney Bill Hicks held a press conference at which he admitted 1) that no exhibit was filed with the original ORDER, but an exhibit was added to the ORDER later, and 2) his office had nothing to do with the transfer order or exhibit at issue in these cases. (See https://www.youtube.com/watch?v=VM7FMynQSlM at 1:55 – 2:36).

16. On June 28, 2024, the State filed Notices of Appeal in these matters, claiming the Trial Court erred in finding that the ORDER was insufficient to confer subject matter jurisdiction.

17. On July 10, 2024, before the record had been filed in the Appellate Court, and while the Trial Court was still authorized to act in this matter, defense counsel emailed the State and the Trial Court to inform them that the ORDER had been altered since the hearing, and to seek cooperation in ensuring the Appellate Court received an accurate record. She received no response. (See attached Exhibit G, 1 page).

18. On the late afternoon of July 10, 2024, Appellee's attorney learned that alterations to the County Clerk's electronic records leave an audit trail in the case management system in which they are kept. Counsel then reviewed the audit trails for the ORDER appearing in the cases and learned that an alteration had been made to the ORDER in each of the 59 cases, on the afternoon of June 6, 2024, between 2:39 p.m. and 3:03 p.m. (See attached Exhibit H, 59 pages).

19. Between July 10 and 12, 2024, the State filed "STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL," in these matters, specifically asking the El Paso County Clerk to prepare "true and correct copies of the following

matters: ... 6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024," knowing at the time of filing said designation, that it had caused the alteration of the ORDER in each case. (See attached Exhibit I, 177 pages).

20. On the afternoon of July 11, 2024, Chief Public Defender Kelli Childress and her Senior Division Chief Chad Bernaeyge, met with El Paso County Clerk's Office Administrative Services Manager Diannia Leyva and Senior Administrative Specialist Jessica Romero, to inquire about the alterations made to the ORDER in each of the 59 cases. Counsel met again later with Ms. Leyva on October 18 and 22, 2024. Ms. Leyva conveyed the following facts:

   a. On the afternoon of Thursday, June 6, 2024, several different individuals from the District Attorney's Office were frantically trying to reach Ms. Leyva. She received a message from Deputy Chief Investigator Ignacio Frausto, advising her that First Assistant Ballard Shapleigh was trying to reach her. Ms. Leyva then attempted to call Mr. Shapleigh on Teams but received no answer. She then called Mr. Frausto, who also did not answer. A few minutes later Ms. Leyva received a Teams call from Mr. Shapleigh,

but due to technical issues, she was unable to hear anything coming from his end. A few minutes after that, Ms. Leyva received a Teams call from Senior Division Chief Jennifer Vandenbosch. (See attached Exhibit J, 1 page).

b. Ms. Vandenbosch, who appeared to be irritated, told Ms. Leyva (not verbatim) that the County Clerk's office had improperly filed the "ORDER OF CERTIFICATION AND TRANSFER" in each of the 59 cases. Ms. Vandenbosch then instructed Ms. Leyva that she had an obligation to correct the existing court files in those cases immediately, by attaching the true bill list from the May 21, 2024 Grand Jury session to each of those orders.

c. Ms. Leyva explained to Ms. Vandenbosch (not verbatim) that the District Clerk had delivered the ORDER to the County Clerk's office, and no exhibit was attached to the ORDER. Therefore, she believed they had filed it properly.

d. Ms. Vanderbosch then told Ms. Leyva (not verbatim) that the official true bill list from the May 21, 2024 Grand Jury proceedings should have been attached by the Judge of the 120th District Court who signed the ORDER, and that regardless of how the District

Clerk delivered the ORDER, the County Clerk now has an obligation to correct the 59 court files by attaching the true bill list to the ORDER.

e. Ms. Leyva's professional relationship with Ms. Vandenbosch exceeds six years, and Ms. Leyva believed that, as a prosecutor and officer of the court, Ms. Vandenbosch was authorized to instruct her to alter the official court files.

f. Upon ending the telephone call with Ms. Vandenbosch, Ms. Leyva divided up the 59 cases among herself and two Deputy County Clerks, and they modified the existing court records for these cases by adding a photocopy of their true bill list from the Grand Jury proceedings of May 21, 2024, on which Deputy Clerk Cheryl Villa had handwritten County Court case numbers for each of the misdemeanor files she opened. Only at this point did the one-page ORDER become a nine-page document.

g. No entry or notation of any kind was made upon the Clerk's record to document the alteration of the ORDER, other than the audit trail, which is only visible if a user has access to and knows how to find.

h. At no time did the Judge of the 120th District Court instruct the County Clerk to alter the one-page ORDER.

i. At no time did the Judge of the 120th District Court, identify for the County Clerk an exhibit or list that should have been attached to her ORDER.

j. At no time did the Judge of the County Court at Law Number Seven authorize the alteration of the ORDER that appeared in the official court files for any of the 59 related cases, nor was he made aware when it was done.

k. The copy of the true bill list that was added to the ORDER in each of the files had all 59 County Court case numbers handwritten on it. At the time the ORDER was filed, no County Court case numbers existed for any of the files, and some didn't have case numbers until as late as May 28, 2024.

l. The first time the true bill list was attached to any copy of the ORDER was after the conversation with Ms. Vandenbosch, and it was attached at her direction.

21. The true bill list attached to the ORDER in the Clerk's record on appeal cannot be identical to the document contemplated by the Judge of the

120th Judicial District Court for attachment, as the County Court case numbers which appeared on the true bill list attached did not exist when the ORDER was signed and filed.

22. At no time did the State request an opportunity to reopen evidence in the hearing on the Plea to the Jurisdiction in any of the 59 cases, to offer witnesses or other evidence of an exhibit that should have been attached to the ORDER.

23. At no time did the State inform defense counsel or the Trial Court of the fact that the ORDER, which was under consideration by the Court, had been substantively altered after the hearing.

24. At no time was a nunc pro tunc transfer order with a list duly attached signed and filed by the 120th District Court.

25. On July 12, 2024, before the record had been filed, and while the Trial Court was authorized to act in this matter, Appellee's attorney reached out again to the State and the Trial Court to propose a Bill of Exception to correct the record so that it would accurately reflect the evidence considered by the Trial Court. She received no response. (See attached Exhibit K, 1 page).

26. On July 16, 2024, before the record had been filed, and while the Trial Court was authorized to act in this matter, Appellee's Attorney reached out a third time to the State and the Trial Court, inquiring as to the correction of the record. (See attached Exhibit L, 1 page).

27. On July 17, 2024, before the record had been filed, and while the Trial Court was authorized to act in this matter, the Trial Judge advised the parties (after some additional discussion also included in the exhibit) that he would schedule a hearing on Appellee's Motion for Bill of Exception. The State did not respond. (See attached Exhibit M, 5 pages).

28. On July 18, 2024, before the record had been filed, and while the Trial Court was authorized to act in this matter, the Trial Court scheduled a hearing on Appellee's Motion for Bill of Exception for Monday, July 22, 2024, at which time and place Ms. Leyva agreed to appear and give testimony consistent with the assertions stated herein. The State did not respond. (See attached Exhibit N, 1 page).

29. The State never responded to any communication related to correcting the altered ORDER for the Appellate Court, including, in addition to the attached emails, approximately a dozen attempts via telephone, text messages and online Teams messages, by three different attorneys from

the Public Defender's Office to three different attorneys from the District Attorney's office.

30. On Friday, July 19, 2024, before the record had been filed, and while the Trial Court had authority to act in this matter, the State filed "STATE'S EMERGENCY MOTION TO ENFORCE ARTICLE 44.01 STATUTORY STAY" with this Honorable Court, in which it doubled down on its goal of ensuring that this Court not receive an accurate Clerk's record, by claiming it "disputes the veracity of the factual allegations contained in the appellee's purported 'Bill of Exception' in their entirety." (See attached Exhibit O, 7 pages (exhibits excluded)).

31. Upon receipt of the emergency motion, Appellee's attorney prepared a response and began gathering exhibits, but minutes before filing, received an order from this Honorable Court granting the State's emergency motion and ordering the Trial Court to refrain from holding the hearing scheduled for the following Monday morning.

32. On October 18, 2024, the State doubled down once again on their risky bet that they could keep the truth from this Court, when it filed briefs on the merits attempting to claim that the attachment now appearing in the Clerk's record had appeared in the Clerk's "physical court files" since day

one, and simply was not placed into the electronic file: "...the transfer Order and the attached 8-page exhibit had been in each of the 59 Clerk's files all along." (See State's Brief, p. 12).

33. First, this argument fails because the El Paso County Clerk has designated its electronic files as the official Clerk's files under Rule 2.4 of the Statewide Rules Governing Electronic Filing in Criminal Cases, which is precisely why the appellate record was sent electronically.

34. Second, espousing that argument at all is yet another indication of the State's intention to perpetuate this fraud. Three pieces of evidence clearly dispel the State's purported belief that there is some physical file kept by the County Clerk which differs from their electronic file, and has held the original exhibit "all along":

a. On the morning of June 6, 2024, the Assistant District Attorneys representing the State in the dismissal hearing (Preston Munson and Jennifer Vandenbosch) were asked by the Trial Court whether they agreed that the ORDER in question had no attachment. They unequivocally agreed, as stated in the following colloquy found at RR Vol. 2, p. 63, l. 8-12:

   THE COURT:    ...I can take that under consideration

assuming that an Exhibit A is even filed at some point, but it's not in the file. And you agree, right? It's not in there?

MR. MUNSON: Yes, it is not there.

and

b. 34th Judicial District Attorney Bill Hicks held a press conference on June 11, 2024, following the 59 dismissals, in which he admitted that the exhibit was not filed with the ORDER, and was only added to the ORDER "once it was pointed out" to the Clerk. (See https://www.youtube.com/watch?v=VM7FMynQSlM at 1:55-2:36); and most importantly

c. The exhibit now attached to the ORDER in each appellate file, contains all 59 County Court case numbers, which had not been assigned at the time the ORDER was filed. It is illogical to assert that after the filing of the ORDER with this phantom original exhibit into all 59 "physical files," someone removed and disposed of that exhibit, and replaced it with an altered copy that had County Court case numbers written on it.

35. The State has repeatedly engaged in egregious misrepresentations, to try to obtain an advantage in the trial and appellate litigation of these

matters, when they have known since defense counsel pointed out in the June 6, 2024 hearing, that the ORDER did not have an exhibit attached.

36. The Trial Court gave the State ample time to avert dismissal - if in fact the proper cases were transferred - by seeking a nunc pro tunc transfer order from the Judge of the 120th District Court, with an exhibit duly attached. However, the State inexplicably chose instead to embark on an effort to rewrite history, intimidate the County Clerk's Office staff, then deny involvement in tampering with official records and fabricate the existence of some "physical file" that contained the exhibit "all along." The only explanation for choosing this route rather than a corrected order is their awareness that, had they sought a nunc pro tunc order with a true exhibit attached, it would not have been the same as the exhibit they chose to plant.

37. The State has repeatedly placed Appellees in undue harm by perpetuating this fraud and violating their due process rights.

38. The repeated misrepresentations by the State have caused substantial unnecessary investigation and work by Appellees' attorneys to ensure that the true and accurate record is provided to this Court, and to see that their clients' rights are protected.

39. The appellate arguments for both sides in these matters are wholly different depending on whether the ORDER was a single page with no cases identified and no attachments, or whether there was in fact an exhibit that identified these 59 cases. This leaves Appellees in a position to have to unnecessarily argue the myriad procedural errors that occurred with the transfer beyond just the lack of identifying cases.

40. In the case of *Parrish v. State*, 67 Crim. 558, 561 (1912), the Court of Criminal Appeals heard a similar case, wherein the record sent by the Clerk had been modified, although the reason for the modification in *Parrish* was due to records having been lost. In that matter, the Court discussed the necessity that appellate records be unaltered, and stated:

> If the record justified and authorized us to find that any person had intentionally sent to this court an incorrect record for the purpose of securing either an affirmance or reversal of the case, we would assess such punishment as would in the future deter men from so doing. We are sitting here, far removed from the trial of cases, depending wholly and entirely upon the transcript of the proceedings forwarded to us, certified to by the clerks of the various courts, and *we cannot and will not tolerate any tampering with the records*. We hope that all officers and other persons coming in contact with the records will recognize and appreciate the necessity for these transcripts to be unimpeached and unimpeachable and ... if any papers bear any evidence which arouses suspicion, *let that issue be tried by the trial judge before that paper is copied and sent to us.* (Emphases added.)

WHEREFORE, Appellees respectfully request that this Honorable Court temporarily abate this appeal to inquire into the allegations made herein, and make the following findings:

1) The dismissal order by the Trial Court was based upon a one-page unaltered "Order of Certification and Transfer," without any exhibit attached, which is the same as what was filed in the County Clerk's Office on May 21, 2024, and was the official Clerk's record in these matters; and

2) By asserting authority which it did not have, the 34th Judicial District Attorney's Office caused the alteration of the official Clerk's record on June 6, 2024, after realizing it would likely lose the dismissal motions filed by Appellees; and

3) The 34th Judicial District Attorney's Office made false statements in its Emergency Motion related to Appellees' request to correct the Clerk's record prior to it being filed in the Eighth Court of Appeals; and

4) The 34th Judicial District Attorney's Office made false statements in its Briefs on the merits of these appeals related to the existence of an

exhibit attached to the ORDER in the Clerk's "physical" court files, when in fact the electronic record is the official record, and when in fact it was aware that the true bill list attached on June 6, 2024 was not and could not have been the same exhibit viewed by the Judge of the 120th District Court; and

5) The 34th Judicial District Attorney's Office engaged in a pattern of behavior intended to perpetuate false claims about the ORDER, with the goal of gaining an advantage in this litigation; and

6) Sanctions shall be imposed against the 34th Judicial District Attorney's Office, for its violation of the due process rights of these 59 Appellees, as well as for its blatant compromise of the integrity of the Trial and Appellate Court processes, to include the following:

   a.     Dismissal of these appeals with a bar to future prosecution; and

   b.     Payment of the cost of Appellees' representation in these appeals; and

   c.     Any and all other sanctions or reprimands this Honorable Court deems just and appropriate to ensure propriety in all matters handled by the 34th Judicial District Attorney.

RESPECTFULLY SUBMITTED:

_____

KELLI M. CHILDRESS
Chief Public Defender
State Bar No.24123476
500 E. San Antonio, Room 501
El Paso, Texas 79901
kchildress@epcounty.com
Phone: 915-546-8185
Fax: 915-546-8186

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion to Abate was sent by e-mail using the EFile system to the District Attorney's Office at DAappeals@epcounty.com on the day of October 25, 2024.

BY: /s/ Kelli M. Childress
KELLI M. CHILDRESS

## VERIFICATION

NOW COMES Kelli M Childress, Counsel for Appellees, and affirms that,

upon information and belief, the foregoing statements in Appellees' Motion to

Abate are true and correct to the best of her knowledge.

_____

Kelli M. Childress

Subscribed and Sworn to
Before me this 25th day
Of October, 2024.

_____
Notary Public

Yvette Santos
NOTARY PUBLIC
ID# 13305705-6
In and for the State of Texas
My commission expires
04-23-2025

## AFFIDAVIT IN SUPPORT OF MOTION TO ABATE

NOW COMES your AFFIANT, Diannia Leyva, and affirms the following:

1) I am a Supervisor at the El Paso County Clerk's Office and was on all relevant dates mentioned in the foregoing Motion to Abate.

2) The statements contained in the foregoing Motion to Abate related to actions taken in the County Clerk's Office, are true and accurate to the best of my knowledge.

3) The statements contained in the foregoing Motion to Abate related to a conversation between Assistant District Attorney Jennifer Vandenbosch and myself on June 6, 2024, are true and accurate.

_____
DIANNIA LEYVA

Subscribed and Sworn to
Before me this 24 day
Of October, 2024.

_____
Notary Public

Monica Lujan
NOTARY
ID# 1268
and for the St
My commissio
03-31-20

EXHIBIT A

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK

2024 MAY 21 PM 1: 51

EL PASO COUNTY, TEXAS

BY_____
DEPUTY

**FROM THE GRAND JURY FOR THE**
**120th_____ JUDICIAL DISTRICT COURT**
**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| IN THE MATTER OF CHARGES OF | § |
| | § |
| MISDEMEANOR OFFENSES | § |
| | § |
| BY GRAND JURY INDICTMENT | § |

## ORDER OF CERTIFICATION AND TRANSFER

The Grand Jury inquired into misdemeanor level offenses and returned

indictments relating to those misdemeanor cases listed in the Charging Instrument Report

consisting of ____8____ pages attached hereto as Exhibit A, dated ___May 21, 2024___

and incorporated by reference as if fully set forth herein.

Pursuant to Texas Constitution Article.5, Section 17, the Court hereby certifies to

the County Courts that said indictments were returned into the District Court and that the

same should be transferred into the County Courts of El Paso County, Texas, being the

courts with appropriate jurisdiction.

IT IS THEREFORE ORDERED that each of the cases listed on Exhibit A attached

hereto should be transferred to the County Courts of El Paso County having jurisdiction.

SIGNED and ENTERED this the _____21st_ of ___May___, 2024

_____
PRESIDING JUDGE

EL PASO COUNTY, TEXAS
COUNTY CLERK

2024 MAY 21 PM 2: 26

FILED FOR RECORD
IN MY OFFICE

A~1

# EXHIBIT B

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360      9704294      CONTROL NO.: 24-04607-CR

STATE OF TEXAS
VS.
VICTOR MANUEL ESCALANTE

Count    Offense

   I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____ 120th _____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, VICTOR MANUEL ESCALANTE, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Grand Jury Foreperson

Filed the _05/23/2024_      By: _Cheryl M. Villa_
                                       Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _05/23/2024_

                               Delia Briones
                               Court Clerk
                               El Paso County, Texas
                               By: _Cheryl M. Villa_
                                       Deputy

Bail Amount: $ _____

B~1

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360      9704324      CONTROL NO.: 24-04615-CR

STATE OF TEXAS
VS.
ROBERTO ALONZO GARCIA

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ROBERTO ALONZO GARCIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 3 2024_____     By: _Cheryl M. Villa_
                                        Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _MAY 2 3 2024_.

           Delia Briones
           Court Clerk
           El Paso County, Texas
           By: _____
           Deputy

Bail Amount: $_____

B~2

2024OCD3713 CC7

RE-INDICTMENT

AGENCY CASE NO.: 2024I*-CID4-5000360 | 9704298 | CONTROL NO.: 24-04624-CR

STATE OF TEXAS
VS.
LUIS ANGEL GONZALEZ

Count Offense

I RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the 120th Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS ANGEL GONZALEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the MAY 2 3 2024 By: Cheryl M Villa
Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the MAY 2 3 2024.

Delia Briones
Court Clerk
El Paso County, Texas
By: Cheryl M Villa
Deputy

Bail Amount: $

B-3

20240CD3725 CC7

AGENCY CASE NO.: 2024I-CID4-5000360     9704309     CONTROL NO.: 24-04627-CR

STATE OF TEXAS
VS.
EMILIO JOSE HENRIQUEZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, EMILIO JOSE HENRIQUEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the   **MAY 2 3 2024**   By: _Cheryl M. Villa_
                                    Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 3 2024**

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
       Deputy

Bail Amount: $_____

B~4

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CD14-5000360          9704335          CONTROL NO.: 24-04634-CR

STATE OF TEXAS
VS.
OSCAR ALBINO MARIN

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, OSCAR ALBINO MARIN, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 3 2024___          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _MAY 2 3 2024_.

                              Delia Briones
                              Court Clerk
                              El Paso County, Texas
                              By: _____
                                  Deputy

Bail Amount: $ _____

B~5

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704303          CONTROL NO.: 24-04635-CR

### STATE OF TEXAS
### VS.
### PIN YHONSON MARTINEZ

<u>Count</u>   <u>Offense</u>

I   RIOT PARTICIPATION

---

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120<sup>th</sup>_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, PIN YHONSON MARTINEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 3 2024__          By: __Cheryl U. Villa__
                                            Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024__.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
            Deputy

Bail Amount: $ _____

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360                9704341                CONTROL NO.: 24-04637-CR

### STATE OF TEXAS
### VS.
### CARLOS OSMIN MEJIA

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, CARLOS OSMIN MEJIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 3 2024_____          By: _Cheryl N. Villa_
                                               Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____MAY 2 3 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl N. Villa_
    Deputy

Bail Amount: $_____

B~7

20240CD3737     CC7

AGENCY CASE NO.: 2024I-CID4-5000360          9704332          CONTROL NO.: 24-04640-CR

STATE OF TEXAS
VS.
ALDEMARO RAIAEL PEREZ

Count     Offense

1     RIOT PARTICIPATION

___

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ALDEMARO RAIAEL PEREZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 3 2024__          By: __Cheryl M. Villa__
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024__

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
         Deputy

Bail Amount: $_____

B~8

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704286          CONTROL NO.: 24-04641-CR

STATE OF TEXAS
VS.
ASAEL DANIEL POLANCO

Count     Offense

I     RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ____120th____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ASAEL DANIEL POLANCO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the    MAY 2 3 2024          By: _Cheryl M. Villa_
                                        Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _MAY 2 3 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
        Deputy

Bail Amount: $_____

B~9

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360          9704317          CONTROL NO.: 24-04642-CR

STATE OF TEXAS
VS.
JONATHAN JOHAO QUINONEZ

Count    Offense

1    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JONATHAN JOHAO QUINONEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 3 2024___          By: _Cheryl M. Villa_
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___MAY 2 3 2024_____.

                                        Delia Briones
                                        Court Clerk
                                        El Paso County, Texas
                                        By: _Cheryl Villa_
                                            Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360                9704328                CONTROL NO.: 24-04653-CR

STATE OF TEXAS
VS.
DIEGO JESUS RIVAS

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DIEGO JESUS RIVAS, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 3 2024__                    By: _Cheryl M. Villa_
                                                  Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024__.

                    Delia Briones
                    Court Clerk
                    El Paso County, Texas

                    By: _____
                        Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704345          CONTROL NO.: 24-04657-CR

STATE OF TEXAS
VS.
GUSTAVO ANDRES ROBLES

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, GUSTAVO ANDRES ROBLES, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the **MAY 2 3 2024**                    By: *Cheryl M. Villa*
                                                 Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 3 2024**

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

B~12

## RE-INDICTMENT

AGENCY CASE NO.: 2024IO-CID4-5000360          9704307          CONTROL NO.: 24-04658-CR

STATE OF TEXAS
VS.
CRISTIAN EDUARDO RODRIGUEZ

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, CRISTIAN EDUARDO RODRIGUEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the **MAY 2 3 2024**                By: _Cheryl M. Villa_
                                              Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___**MAY 2 3 2024**___

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M. Villa_
    Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360      9704326      CONTROL NO.: 24-04659-CR

### STATE OF TEXAS
### VS.
### CARLOS ANDRES RUBIO

Count    Offense

  I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, CARLOS ANDRES RUBIO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the  **MAY 2 3 2024**      By:  _Cheryl M. Villa_
                                      Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 3 2024**

                             Delia Briones
                             Court Clerk
                             El Paso County, Texas

                             By:  _Cheryl Villa_
                                   Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360          9704327          CONTROL NO.: 24-04664-CR

STATE OF TEXAS
VS.
LENIN ANTON SUAREZ

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the __120__th Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LENIN ANTON SUAREZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 3 2024__          By: __Cheryl M. Villa__
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024__

Delia Briones
Court Clerk
El Paso County, Texas

By: __Cheryl Villa__
      Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704357          CONTROL NO.: 24-04744-CR

### STATE OF TEXAS
### VS.
### RAFAEL ANGEL GONZALEZ FERNANDEZ

Count    Offense

I    RIOT PARTICIPATION

---

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, RAFAEL ANGEL GONZALEZ FERNANDEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the    MAY 2 3 2024          By: _Cheryl N. Villa_
                                       Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the    MAY 2 3 2024 _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
       Deputy

Bail Amount: $_____

B~16

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704373          CONTROL NO.: 24-04746-CR

STATE OF TEXAS
VS.
MIGUEL ANGEL GARCIA

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, MIGUEL ANGEL GARCIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the  **MAY 2 3 2024**                    By: _Cheryl N. Villa_
                                                    Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024__.

                                    Delia Briones
                                    Court Clerk
                                    El Paso County, Texas
                                    By: _Cheryl N. Villa_
                                        Deputy

Bail Amount: $_____

B~17

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360          9704381          CONTROL NO.: 24-04747-CR

STATE OF TEXAS
VS.
OMAR RAFAEL GONZALEZ

Count    Offense

 I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _120th_ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, OMAR RAFAEL GONZALEZ, hereinafter referred to as Defendant,

 Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 3 2024___          By: __Cheryl M. Villa__
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 3 2024_____.

                                          Delia Briones
                                          Court Clerk
                                          El Paso County, Texas
                                          By: _____
                                              Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704347          CONTROL NO.: 24-04751-CR

STATE OF TEXAS
VS.
EYLER ROLL MOREJON

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ____120th____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, EYLER ROLL MOREJON, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 4 2024___          By: _Cheryl M. Villa_
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___MAY 2 4 2024___.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
        Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704384          CONTROL NO.: 24-04752-CR

STATE OF TEXAS
VS.
JUAN CARLOS PRESBI

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JUAN CARLOS PRESBI, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 4 2024___          By: _Cheryl M. Villa_
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024_____

                              Delia Briones
                              Court Clerk
                              El Paso County, Texas

                              By: _____
                                   Deputy

Bail Amount: $_____

20240CD3771          CC7

AGENCY CASE NO.: 2024I-CID4-5000360          9704382          CONTROL NO.: 24-04753-CR

STATE OF TEXAS
VS.
YORDAN JESUS QUINTERO

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ____120th____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, YORDAN JESUS QUINTERO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**          By: _Cheryl N. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024**

Delia Briones
Court Clerk
El Paso County, Texas
By: _____
      Deputy

Bail Amount: $_____

B~21

20240C03772    CC7

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704350          CONTROL NO.: 24-04755-CR

STATE OF TEXAS
VS.
EMILIORANON TORRES

Count   Offense

I   RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120_th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, EMILIORANON TORRES, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**          By: _Cheryl M.Villa_
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024**_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M.Villa_
     Deputy

Bail Amount: $ _____

B-22

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-5000360          9704351          CONTROL NO.: 24-04758-CR

STATE OF TEXAS
VS.
JOSE ESTEBAN VALERIANO

Count     Offense

I     RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSE ESTEBAN VALERIANO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the     MAY 2 4 2024          By: _Cheryl N. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the MAY 2 4 2024

                                    Delia Briones
                                    Court Clerk
                                    El Paso County, Texas
                                    By: _Cheryl N. Villa_
                                          Deputy

Bail Amount: $_____

B~23

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360        9704353        CONTROL NO.: 24-04760-CR

STATE OF TEXAS
VS.
LUIS IGNACIO VASQUEZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS IGNACIO VASQUEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__        By: __Cheryl M. Villa__
                                        Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__

Delia Briones
Court Clerk
El Paso County, Texas

By: __Cheryl M Villa__
        Deputy

Bail Amount: $ _____

B~24

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-5000360          9704449          CONTROL NO.: 24-04780-CR

STATE OF TEXAS
VS.
CARLOS ALBERTO GIMENEZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, CARLOS ALBERTO GIMENEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the  MAY 2 4 2024          By: _Cheryl M. Villa_
                                      Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the  MAY 2 4 2024 _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M. Villa_
    Deputy

Bail Amount: $_____

202A0CD3777 CC7

AGENCY CASE NO.: 20241-CID4-50003602        9704444        CONTROL NO.: 24-04782-CR

STATE OF TEXAS
VS.
CRISNER ENRIQUE GONZALEZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, CRISNER ENRIQUE GONZALEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**        By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024** _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl Villa_
     Deputy

Bail Amount: $_____

B-26

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602          9704472          CONTROL NO.: 24-04769-CR

STATE OF TEXAS
VS.
LUIS EDUARDO GONZALEZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS EDUARDO GONZALEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the  MAY 2 4 2024          By: _Cheryl M. Villa_
                                      Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the  MAY 2 4 2024 _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl Villa_
     Deputy

Bail Amount: $_____

B~27

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704423          CONTROL NO.: 24-04773-CR

STATE OF TEXAS
VS.
ELIGIO JOSE HERNANDEZ

Count      Offense

I      RIOT PARTICIPATION

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ELIGIO JOSE HERNANDEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: __Cheryl M. Villa__
                                        Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__.

Delia Briones
Court Clerk
El Paso County, Texas

By: __Cheryl Villa__
     Deputy

Bail Amount: $_____

B~28

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602                9704454                CONTROL NO.: 24-04775-CR

STATE OF TEXAS
VS.
JELKEL MICHEL HERNANDEZ

Count    Offense

   I     RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JELKEL MICHEL HERNANDEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024_____          By: ___Cheryl M.Villa_____
                                                 Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: ___Cheryl M.Villa_____
      Deputy

Bail Amount: $_____

B~29

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704463          CONTROL NO.: 24-04779-CR

STATE OF TEXAS
VS.
KEVIN JOSE IRIARTE

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, KEVIN JOSE IRIARTE, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the  **MAY 2 4 2024**          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024**

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M. Villa_
      Deputy

Bail Amount: $_____

B~30

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602            9704466            CONTROL NO.: 24-04785-CR

STATE OF TEXAS
VS.
DARWIN RAMON JIMENEZ

Count    Offense

I    RIOT PARTICIPATION

---

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DARWIN RAMON JIMENEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**            By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024** _____.

Delia Briones
Court Clerk
El Paso County, Texas
By: _____
    Deputy

Bail Amount: $_____

B~31

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704389          CONTROL NO.: 24-04787-CR

STATE OF TEXAS
VS.
FAUSTO ROMARIO JIMENEZ

Count    Offense

   I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, FAUSTO ROMARIO JIMENEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**          By: _Cheryl M. Villa_
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024**

                    Delia Briones
                    Court Clerk
                    El Paso County, Texas
                    By: _Cheryl M. Villa_
                        Deputy

Bail Amount: $_____

B~32

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602          9704390          CONTROL NO.: 24-04790-CR

STATE OF TEXAS
VS.
ANGEL GABRIEL MACHADO

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ____120th____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ANGEL GABRIEL MACHADO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the **MAY 2 4 2024**          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024** _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

B~33

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602     9704435     CONTROL NO.: 24-04796-CR

### STATE OF TEXAS
### VS.
### RODRIGO ANDRES MARTINEZ

Count   Offense

  I   RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, RODRIGO ANDRES MARTINEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the  **MAY 2 4 2024**      By: _Cheryl M. Villa_
                              Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the  **MAY 2 4 2024**_____.

                    Delia Briones
                    Court Clerk
                    El Paso County, Texas

                    By: _Cheryl M. Villa_
                        Deputy

Bail Amount: $_____

20240C03795          CC7

AGENCY CASE NO.: 2024I-CID4-50003602          9704457          CONTROL NO.: 24-04781-CR

STATE OF TEXAS
VS.
ELISAUL ISMITH MENDEZ

Count    Offense

I    RIOT PARTICIPATION

---

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ELISAUL ISMITH MENDEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

---

Filed the __MAY 2 4 2024__          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__ _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M. Villa_
      Deputy

Bail Amount: $_____

B~35

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602      9704460      CONTROL NO.: 24-04783-CR

STATE OF TEXAS
VS.
EZER ANTONIO MONTIEL

| Count | Offense |
|---|---|
| I | RIOT PARTICIPATION |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, EZER ANTONIO MONTIEL, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 4 2024_____      By: _Cheryl M. Villa_
     Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
     Deputy

Bail Amount: $_____

B~36

20240C03799    CC7

AGENCY CASE NO.: 2024I-CID4-50003602      9704395      CONTROL NO.: 24-04786-CR

STATE OF TEXAS
VS.
LUIS JOSE MORA

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS JOSE MORA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__      By: _Cheryl M Villa_
                                             Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024_____.

                                     Delia Briones
                                     Court Clerk
                                     El Paso County, Texas

                                     By: _Cheryl Villa_
                                           Deputy

Bail Amount: $_____

B~37

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704392          CONTROL NO.: 24-04788-CR

STATE OF TEXAS
VS.
ULISES JOSE OLIVEROS

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ULISES JOSE OLIVEROS, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY. 2 4 2024__          By: __Cheryl M. Villa__
                                              Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__.

                                   Delia Briones
                                   Court Clerk
                                   El Paso County, Texas

                                   By: __Cheryl Villa__
                                        Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704461          CONTROL NO.: 24-04791-CR

STATE OF TEXAS
VS.
JOSE SNEYDER ORDONEZ

Count   Offense

I   RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSE SNEYDER ORDONEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: _Cheryl M. Villa_
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

B~39

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602        9704451        CONTROL NO.: 24-04795-CR

STATE OF TEXAS
VS.
LUIS FERNANDO ORTIZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS FERNANDO ORTIZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__        By: _Cheryl M. Villa_
                                      Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl Villa_
    Deputy

Bail Amount: $_____

B~40

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704399          CONTROL NO.: 24-04798-CR

STATE OF TEXAS
VS.
ELEAZAR ISAAC PACHECO

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ELEAZAR ISAAC PACHECO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: __Cheryl M. Villa__
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

B~41

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704406          CONTROL NO.: 24-04800-CR

STATE OF TEXAS
VS.
HEIDER JEFRED PALACIOS

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, HEIDER JEFRED PALACIOS, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 4 2024___          By: __Cheryl M. Villa__
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: __Cheryl Villa__
    Deputy

Bail Amount: $_____

B~42

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704470          CONTROL NO.: 24-04801-CR

STATE OF TEXAS
VS.
WILSON SALVADO PALENCIA

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, WILSON SALVADO PALENCIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: _Cheryl M. Villa_
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl Villa_
     Deputy

Bail Amount: $_____

B~43

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704410          CONTROL NO.: 24-04805-CR

STATE OF TEXAS
VS.
JOSE DARIO PAZ

Count     Offense

I     RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSE DARIO PAZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: _Cheryl M. Villa_
                                         Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___MAY 2 4 2024___

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602          9704427          CONTROL NO.: 24-04807-CR

STATE OF TEXAS
VS.
DANIEL ALEXANDER PEREIRA

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _120th_ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DANIEL ALEXANDER PEREIRA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the   **MAY 2 4 2024**          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the   **MAY 2 4 2024** _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
      Deputy

Bail Amount: $_____

B~45

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704417          CONTROL NO.: 24-04809-CR

STATE OF TEXAS
VS.
ANGELO MOISES POLANCO

Count     Offense

I     RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ANGELO MOISES POLANCO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Grand Jury Foreperson

Filed the **MAY 2 4 2024**          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the **MAY 2 4 2024**

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl Villa_
    Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602      9704419      CONTROL NO.: 24-04797-CR

STATE OF TEXAS
VS.
ANGEL EDUARDO QUINTERO

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ANGEL EDUARDO QUINTERO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__      By: __Cheryl M. Villa__
                                                     Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: __Cheryl M. Villa__
       Deputy

Bail Amount: $ _____

B~47

RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602          9704401          CONTROL NO.: 24-04799-CR

STATE OF TEXAS
VS.
SEBASTIAN ANDRES QUINTERO

Count     Offense

I     RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, SEBASTIAN ANDRES QUINTERO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 4 2024_____          By: _Cheryl M. Villa_
                                               Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
      Deputy

Bail Amount: $_____

B~48

## INDICTMENT

AGENCY CASE NO.:          9704322          CONTROL NO.: 24-04670-CR

### STATE OF TEXAS
### VS.
### MELVIN ISMAEL ZURITA

Count     Offense

I     RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the **120**th Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, MELVIN ISMAEL ZURITA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the    **MAY 2 4 2024**        By: _Cheryl M. Villa_
                                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ____ **MAY 2 4 2024** _____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M. Villa_
            Deputy

Bail Amount: $_____

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704458          CONTROL NO.: 24-04802-CR

STATE OF TEXAS
VS.
DEIKER DAVID RAMIREZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ____120th____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DEIKER DAVID RAMIREZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 4 2024___          By: _Cheryl M-Urlo_
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the MAY 2 4 2024 .

Delia Briones
Court Clerk
El Paso County, Texas
By: _____
     Deputy

Bail Amount: $_____

B~50

20240C03824                                          CC7

AGENCY CASE NO.: 2024I-CID4-50003602          9704465          CONTROL NO.: 24-04808-CR

STATE OF TEXAS
VS.
JOSUE RAFAEL ROMERO

Count    Offense

  I    RIOT PARTICIPATION

---

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSUE RAFAEL ROMERO, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___MAY 2 4 2024___          By: ___Cheryl M. Villa___
                                           Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___MAY 2 4 2024___.

Delia Briones
Court Clerk
El Paso County, Texas

By: ___Cheryl M. Villa___
    Deputy

Bail Amount: $_____

B~51

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704411          CONTROL NO.: 24-04810-CR

STATE OF TEXAS
VS.
RAMON HEBERTO RUIZ

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the ___120th___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, RAMON HEBERTO RUIZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the __MAY 2 4 2024__          By: _Cheryl M Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the __MAY 2 4 2024__.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M Villa_
    Deputy

Bail Amount: $_____

B-52

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602     9704409     CONTROL NO.: 24-04813-CR

STATE OF TEXAS
VS.
ENDERSON JOSE SILVA

Count     Offense

I     RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ENDERSON JOSE SILVA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 4 2024_____     By: _____Cheryl M. Villa_____
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____MAY 2 4 2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____Cheryl Villa_____
        Deputy

Bail Amount: $_____

B-53

20240C03827      CC7

RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602      9704418      CONTROL NO.: 24-04817-CR

STATE OF TEXAS
VS.
JOSE ANTONIO TORRELLES

Count    Offense

I    RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSE ANTONIO TORRELLES, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the _____MAY 2 4 2024_____      By: _Cheryl M. Villa_
     Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the _____MAY 2 4 2024_____.

     Delia Briones
     Court Clerk
     El Paso County, Texas
     By: _Cheryl M. Villa_
     Deputy

Bail Amount: $_____

B~54

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602          9704469          CONTROL NO.: 24-04818-CR

STATE OF TEXAS
VS.
ELVIS STEFANO TORRES

Count    Offense

1    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120___ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ELVIS STEFANO TORRES, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___05/28/2024___                By: ___Cheryl M Villa___
                                                Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___05/28/2024___

                        Delia Briones
                        Court Clerk
                        El Paso County, Texas
                        By: ___Cheryl M Villa___
                            Deputy

Bail Amount: $_____

B~55

20240C03829                    CC7

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704396          CONTROL NO.: 24-04819-CR

STATE OF TEXAS
VS.
ALDAIR MILLER VALENXIA

Count    Offense

I    RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____10th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ALDAIR MILLER VALENXIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___05/28/2024___          By: _Cheryl M. Villa_
                                          Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___05/28/2024_____.

Delia Briones
Court Clerk
El Paso County, Texas

By: _Cheryl M Villa_
     Deputy

Bail Amount: $_____

B~56

## RE-INDICTMENT

AGENCY CASE NO.: 20241-CID4-50003602　　　　9704420　　　　CONTROL NO.: 24-04820-CR

STATE OF TEXAS
VS.
JULIO ENRIQUE VEGA

Count　　Offense

I　RIOT PARTICIPATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JULIO ENRIQUE VEGA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the　05/28/2024　　　　By: _Cheryl M. Villa_
　　　　　　　　　　　　　　　　　　　Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the　05/28/2024　.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
　　　Deputy

Bail Amount: $_____

## RE-INDICTMENT

AGENCY CASE NO.: 2024I-CID4-50003602          9704468          CONTROL NO.: 24-04812-CR

### STATE OF TEXAS
### VS.
### LUIS ANTONIO VELASQUEZ

Count    Offense

I    RIOT PARTICIPATION

---

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____120th_____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, LUIS ANTONIO VELASQUEZ, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

### AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the ___05/28/2024___          By: ___Cheryl M. Villa___
                                             Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ___05/28/2024___.

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
       Deputy

Bail Amount: $_____

2024DC03832                                    CC7

AGENCY CASE NO.: 2024I-CID4-5000360          9704453          CONTROL NO.: 24-04816-CR

STATE OF TEXAS
VS.
JOSBEIKER JOSE VILORIA

Count   Offense

I   RIOT PARTICIPATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the January Term, A.D., 2024, of the _____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 12th day of April, 2024, and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, JOSBEIKER JOSE VILORIA, hereinafter referred to as Defendant,

Paragraph A

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that created an immediate danger of damage to property;

Paragraph B

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed law enforcement;

Paragraph C

did then and there knowingly participate in an assemblage of seven or more persons, knowing that it was resulting in conduct that substantially obstructed a governmental function or service of Texas Army National Guard personnel,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

Filed the 05/28/2024          By: Cheryl M Villa
                                  Deputy

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original Indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the 05/28/2024

Delia Briones
Court Clerk
El Paso County, Texas

By: _____
    Deputy

Bail Amount: $_____

B~59

# EXHIBIT C

Tools ⌄    Configure ⌄

SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**Active Screen Tabs**

## 20240C03711

What's New

20240C03711

**State of Texas vs VICTOR MANUEL ESCALANTE**
Type  Adult Misdemeanor

20240C02439

20240C03711

| Style | State of Texas vs VICTOR MANUEL ESCALANTE |
| --- | --- |

Type  **Adult Misdemeanor**
Subtype  
File Date  05/23/2024
Security  

### Case Assignment

Case Number  20240C03711
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

### Case Files

Created: 5/23/2024 1:56 PM Villa, Cheryl
Judicial Officer manually assigned.

### Assignments

Operation Lone Star Case

### Case Cross Reference Numbers

### Case Status

### Additional Barcodes

06/28/2024    **Appealed**

### Related Cases

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

C~1



C~2

☆   SUMMARY      **DETAIL**      PARTIES      CHARGES      EVENTS      SERVICE      HEARINGS      CONDITIONS      DISPOSITION      FINANCIAL   ▷

**Active Screen Tabs**

## 20240C03713

What's New

 State of Texas vs LUIS ANGEL GONZALEZ
Type  Adult Misdemeanor

Case Search Results

| 20240C03713

Style  State of Texas vs LUIS ANGEL GONZALEZ

Type **Adult Misdemeanor**
Subtype
File Date  05/23/2024
Security

**Case Assignment**

Case Number  20240C03713
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 2:19 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    **Appealed**

**Related Cases**

‹ CT  Create Task

G  ESigs
=  Forms

S  Save
X  Exit

☰  Enter selection

C~3

Tools ∨    Configure ∨

☆ SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL ▷      Active Screen Tabs

## 20240C03725

**State of Texas vs EMILIO JOSE HENRIQUEZ**
Type Adult Misdemeanor

Style   State of Texas vs EMILIO JOSE HENRIQUEZ

What's New

Case Search Results

20240C03725

Type **Adult Misdemeanor**
Subtype
File Date 05/23/2024
Security

**Case Assignment**

Case Number   20240C03725
Court   County Court at Law 7
Date Assigned   05/23/2024
Judicial Officer   Morales, Ruben

**Case Files**

**Assignments**     Created: 5/23/2024 3:32 PM Villa, Cheryl   Flags
Judicial Officer manually assigned.

...ration Lone Star Case

**Case Cross Reference Numbers**

**Case Status**      **Additional Barcodes**

07/02/2024    Appealed

**Related Cases**

∗ CT   Create Task

G   ESigs
F   Forms

S   Save
X   Exit

Enter selection

C~4



State of Texas vs OSCAR ALBINO MARIN
Type Adult Misdemeanor

Style State of Texas vs OSCAR ALBINO MARIN

Type **Adult Misdemeanor**
Subtype
File Date 05/23/2024
Security

**Case Assignment**
Case Number 20240C03728
Court County Court at Law /
Date Assigned 05/23/2024
Judicial Officer Morales, Ruben

**Case Files**

Created: 5/23/2024 3:38 PM Villa, Cheryl
Judicial Officer manually assigned.

**Assignments**

**Flags**
Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**
06/28/2024    Appealed

**Additional Barcodes**

**Related Cases**

SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs
What's New
Case Search Results
20240C03728

20240C03728

CT  Create Task
G  ESigs
=  Forms
S  Save
X  Exit

Enter selection

C~5



Tools ∨    Configure ∨

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷          Active Screen Tabs

**20240C03731**

🔲🔳 **State of Texas vs PIN YHONSON MARTINEZ**
Type  Adult Misdemeanor

Style  State of Texas vs PIN YHONSON MARTINEZ

**Case Assignment**

Case Number  20240C03731
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Assignments**

**Case Cross Reference Numbers**

**Case Status**

07/02/2024    Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype
File Date  05/23/2024  📅
Security

**Case Files**

Created: 5/23/2024 3:43 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

What's New
Case Search Results
20240C03731

‹ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~6



☆ SUMMARY  **DETAIL**  PARTIES  CHARGES  EVENTS  SERVICE  HEARINGS  CONDITIONS  DISPOSITION  FINANCIAL  ▷

**Active Screen Tabs**

**20240C03734**

**What's New**

Case Search Results

20240C03734

State of Texas vs CARLOS OSMIN MEJIA
Type  Adult Misdemeanor

Style  State of Texas vs CARLOS OSMIN MEJIA

Type  **Adult Misdemeanor**
Subtype
File Date  05/23/2024
Security

**Case Assignment**

Case Number  20240C03734
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

Created: 5/23/2024 3:51 PM Villa, Cheryl
Judicial Officer manually assigned.

**Assignments**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024  Appealed

**Additional Barcodes**

**Related Cases**

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~7

SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**20240C03737**

🔲🔳 **State of Texas vs ALDEMARO RAIAEL PEREZ**
Type  Adult Misdemeanor

Style  State of Texas vs ALDEMARO RAIAEL PEREZ

Type  **Adult Misdemeanor**
Subtype  ▼
File Date  05/23/2024  📅
Security  ▼

**Case Assignment**

Case Number  20240C03737
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

Created: 5/23/2024 3:58 PM Villa, Cheryl
Judicial Officer manually assigned.

**Assignments**

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024  Appealed

**Related Cases**

• CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

Active Screen Tabs

**What's** New

Case Search Results
20240C03737

C~8

Tools ⌄     Configure ⌄

☆  SUMMARY      **DETAIL**      PARTIES      CHARGES      EVENTS      SERVICE      HEARINGS      CONDITIONS      DISPOSITION      FINANCIAL   ▷          Active Screen Tabs

## 20240C03741

What's New

Case Search Results

20240C03741

📖📗 **State of Texas vs ASAEL DANIEL POLANCO**
Type  Adult Misdemeanor

Style  State of Texas vs ASAEL DANIEL POLANCO

Type  **Adult Misdemeanor**
Subtype  [                    ] ▼
File Date  05/23/2024  📅
Security  [                    ] ▼

**Case Assignment**

**Case Files**

Case Number  20240C03741
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/23/2024 4:05 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    Appealed

**Related Cases**

◀ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

⑲  Enter selection

C~9



Tools ⌄    Configure ⌄

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs

## 20240C03742

🕮 State of Texas vs JONATHAN JOHAO QUINONEZ
Type  Adult Misdemeanor

What's New

Case Search Results

20240C03742

Style  State of Texas vs JONATHAN JOHAO QUINONEZ

Type  **Adult Misdemeanor**
Subtype
File Date  05/23/2024
Security

**Case Assignment**

Case Number  20240C03742
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

Created: 5/23/2024 4:09 PM Villa, Cheryl
Judicial Officer manually assigned.

**Assignments**

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

⊕ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

C~10



☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

### 20240C03743

**State of Texas vs DIEGO JESUS RIVAS**
Type  Adult Misdemeanor

Style  State of Texas vs DIEGO JESUS RIVAS

Type  **Adult Misdemeanor**
Subtype
File Date  05/23/2024
Security

**Case Assignment**

Case Number  20240C03743
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

Created: 5/23/2024 4:14 PM Villa, Cheryl
Judicial Officer manually assigned.

**Assignments**

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    Appealed

**Related Cases**

Active Screen Tabs

What's New

Case Search Results

20240C03743

◀ CT  **Create** Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection...

C~11



Tools ∨    Configure ∨    ⊡ ⚙ ⊟ _ ⊟ ⟩

☆ SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷    Active Screen Tabs

**20240C03747**

What's New

📖 **State of Texas vs GUSTAVO ANDRES ROBLES**    Case Search Results
Type  Adult Misdemeanor    ▌20240C03747

Style  State of Texas VS GUSTAVO ANDRES ROBLES    Type  **Adult Misdemeanor**
📝    Subtype  ▼
    File Date  05/23/2024  🗓
    Security  ▼

**Case Assignment**    **Case Files**

Case Number  20240C03747
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Assignments**    Created: 5/23/2024 4:19 PM Villa, Cheryl  **Case Flags**
    Judicial Officer manually assigned.
    Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**
🗄 **Case Status**

06/28/2024    **Appealed**

**Related Cases**

◂ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

⊞  Enter selection

C~12

Tools ∨    Configure ∨

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷        **Active Screen Tabs**

## 20240C03748

What's New

Case Search Results

**❶❶Ⓢ State of Texas vs CRISTIAN EDUARDO RODRIGUEZ**
Type  Adult Misdemeanor

▌20240C03748

Style  State of Texas vs CRISTIAN EDUARDO RODRIGUEZ
📝

Type  **Adult Misdemeanor**
Subtype  [                      ] ▼
File Date  [05/23/2024] 📅
Security  [                    ] ▼

**Case Assignment**

Case Number  20240C03748
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 4:23 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

📂 **Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▥  Enter selection...

C~13



Tools ∨   Configure ∨

20240C03752

Active Screen Tabs

State of Texas vs CARLOS ANDRES RUBIO
Type Adult Misdemeanor

What's New
Case Search Results
20240C03752

Style | State of Texas vs CARLOS ANDRES RUBIO |

Type **Adult Misdemeanor**
Subtype
File Date 05/23/2024
Security

**Case Assignment**

Case Number  20240C03752
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 4:29 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Additional Barcodes**

**Related Cases**

· CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

≡  Enter selection

C~14

Tools ∨   Configure ∨

☆ SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

**Active** Screen Tabs

## 20240C03754

What's New

Case Search Results

📷📄 **State of Texas vs LENIN ANTON SUAREZ**
Type  Adult Misdemeanor

| 20240C03754

Style  State of Texas vs LENIN ANTON SUAREZ

Type **Adult Misdemeanor**
Subtype ▼
File Date 05/23/2024 📅
Security ▼

**Case Assignment**

Case Number  20240C03754
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 4:34 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024   Appealed

**Related Cases**

◀ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▥  Enter selection

C~15



Tools ∨    Configure ∨

☆ SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL   ▷     Active Screen Tabs

**20240C03755**        What's New

🇺🇸 **State of Texas vs RAFAEL ANGEL GONZALEZ FERNANDEZ**     Case Search Results
Type Adult Misdemeanor     ▌20240C03755

Style State of Texas vs RAFAEL ANGEL GONZALEZ FERNANDEZ     Type **Adult Misdemeanor**
📝        Subtype ▼
       File Date 05/23/2024 📅
       Security ▼

**Case Assignment**

Case Number 20240C03755     **Case Files**
Court County Court at Law 7
Date Assigned 05/23/2024
Judicial Officer Morales, Ruben

**Assignments**      Created: 5/23/2024 4:39 PM Villa, Cheryl     **Case Flags**
     Judicial Officer manually assigned.     Operation Lone Star Case

**Case Cross Reference Numbers**

🔒 **Case Status**     **Additional Barcodes**

06/28/2024   **Appealed**

**Related Cases**        Refresh

＊ CT   Create Task

G   ESigs
F   Forms

S   Save
X   Exit

＃   Enter selection

C~16

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**20240C03756**

🔲🔲 **State of Texas vs MIGUEL ANGEL GARCIA**
Type  Adult Misdemeanor

Style  State of Texas vs MIGUEL ANGEL GARCIA

Type  **Adult Misdemeanor**
Subtype
File Date  05/23/2024
Security

**Case Assignment**

Case Number  20240C03756
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 4:43 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024    Appealed

**Additional Barcodes**

**Related Cases**

**Active Screen Tabs**

What's New
Case Search Results
▌20240C03756

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection.

C~17

Tools ∨    Configure ∨

☆ SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs

### 20240C03757

**🔲 State of Texas vs OMAR RAFAEL GONZALEZ**
Type Adult Misdemeanor

What's New

Case Search Results

| 20240C03757

Style  State of Texas vs OMAR RAFAEL GONZALEZ

Type **Adult Misdemeanor**
Subtype  ▼
File Date  05/23/2024  🗓
Security  ▼

**Case Assignment**

Case Number  20240C03757
Court  County Court at Law 7
Date Assigned  05/23/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/23/2024 4:46 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

peration Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**🗂 Case Status**

06/28/2024    Appealed

**Related Cases**

⁴ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

⊞  Enter selection

C~18

Tools ⌄    Configure ⌄                                              ⬜ ⊕ ⬚ _ ⬚ ✕

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷          **Active Screen Tabs**

## 20240C03769

**🆔 State of Texas vs EYLER ROLL MOREJON**
Type  Adult Misdemeanor

Style  State of Texas vs EYLER ROLL MOREJON
📄

**Case Assignment**

Case Number  20240C03769
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**                                        Created: 5/24/2024 11:43 AM Villa, Cheryl
                                                       Judicial Officer manually assigned.

**Case Cross Reference Numbers**

🔒 **Case Status**

06/28/2024    Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype                                      ▼
File Date  05/24/2024  📅
Security                                     ▼

**Case Files**

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

What's New

Case Search Results
❙ 20240C03769

↑ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

⊕  Enter selection

C~19

SUMMARY     **DETAIL**     PARTIES     CHARGES     EVENTS     SERVICE     HEARINGS     CONDITIONS     DISPOSITION     FINANCIAL     ▷          **Active Screen Tabs**

**20240C03770**

**State of Texas vs JUAN CARLOS PRESBI**
Type  Adult Misdemeanor

What's **New**

Case Search Results

20240C03770

Style  State of Texas vs JUAN CARLOS PRESBI

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03770
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 11:54 AM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024     Appealed

**Additional Barcodes**

**Related Cases**

◂ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection...

C~20

Tools ∨    Configure ∨

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

20240C03771

🔲🔲 **State of Texas vs YORDAN JESUS QUINTERO**
Type Adult Misdemeanor

Style  State of Texas vs YORDAN JESUS QUINTERO

Type **Adult Misdemeanor**
Subtype  
File Date  05/24/2024  📅
Security  

**Case Assignment**

Case Number  20240C03771
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 1:10 PM Villa, Cheryl
Judicial Officer manually assigned.

ase Flags

peration Lone Star Case

**Case Cross Reference Numbers**

**🗋 Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

Active Screen Tabs

What's New

Case Search Results

▌20240C03771

◀ CT  Create Task

G  ESigs

F  Forms

S  Save

X  Exit

Enter selection

C~21



20240C03772

**State of Texas vs EMILIORANON TORRES**
Type  Adult Misdemeanor

Style  State of Texas vs EMILIORANON TORRES

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03772
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 1:15 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024    Appealed

**Additional Barcodes**

**Related Cases**

CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

Active Screen Tabs

What's New
Case Search Results
20240C03772

C~22



C~23



State of Texas vs LUIS IGNACIO VASQUEZ
Type Adult Misdemeanor

20240C03775

**State of Texas vs LUIS IGNACIO VASQUEZ**
Type Adult Misdemeanor

Style State of Texas vs LUIS IGNACIO VASQUEZ

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number 20240C03775
Court County Court at Law 7
Date Assigned 05/24/2024
Judicial Officer Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 1:27 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024   Appealed

**Related Cases**

Active Screen Tabs

What's New

Case Search Results
20240C03775

CT   Create Task

E   ESigs
F   Forms

S   Save
X   Exit

Enter selection

C~24



Tools ⌄    Configure ⌄

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**20240C03776**

🎴 **State of Texas vs CARLOS ALBERTO GIMENEZ**
Type  Adult Misdemeanor

Style  State of Texas vs CARLOS ALBERTO GIMENEZ

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03776
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 1:31 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Additional Barcodes**

**Related Cases**

Active Screen Tabs

What's New
Case Search Results
▌20240C03776

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

☷  Enter selection

C~25



Tools ∨   Configure ∨

☆ SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

Active Screen Tabs

**20240C03777**

What's **New**

Case Search Results

🖥 **State of Texas vs CRISNER ENRIQUE GONZALEZ**
Type  Adult Misdemeanor

20240C03777

Style  State of Texas vs CRISNER ENRIQUE GONZALEZ

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

**Case Files**

Case Number  20240C03777
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 1:54 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**🔒 Case Status**

**Additional Barcodes**

06/28/2024   **Appealed**

**Related Cases**

‹ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

⊞  Enter selection.

C~26

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷         Active Screen Tabs

20240C03778

What's New

Case Search Results

| 20240C03778

**State of Texas vs LUIS EDUARDO GONZALEZ**
Type Adult Misdemeanor

Style  State of Texas vs LUIS EDUARDO GONZALEZ

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number  20240C03778
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 1:58 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    Appealed

**Related Cases**

‹ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~27



Tools ∨  Configure ∨

☆  SUMMARY  **DETAIL**  PARTIES  CHARGES  EVENTS  SERVICE  HEARINGS  CONDITIONS  DISPOSITION  FINANCIAL  ▷

**Active Screen Tabs**

## 20240C03779

What's **New**

Case Search Results

20240C03779

**State of Texas vs ELIGIO JOSE HERNANDEZ**
Type  Adult Misdemeanor

Style  State of Texas vs ELIGIO JOSE HERNANDEZ

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

**Case Files**

Case Number  20240C03779
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 2:04 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024  Appealed

**Related Cases**

Refresh

CT  Create Task

E  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~28

Tools ⌄    Configure ⌄

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷

## 20240C03781

🅄🅄 **State of Texas vs JELKEL MICHEL HERNANDEZ**
Type  Adult Misdemeanor

Style  State of Texas vs JELKEL MICHEL HERNANDEZ

**Case Assignment**

Case Number  20240C03781
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

**Case Cross Reference Numbers**

🗁 **Case Status**

06/28/2024   Appealed

**Related Cases**                                                              Refresh

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024  📅
Security

**Case Files**

Created: 5/24/2024 2:09 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

Active Screen Tabs

What's New

Case Search Results
▌20240C03781

◁ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▦  Enter selection...

C~29



SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

**20240C03782**

**State of Texas vs KEVIN JOSE IRIARTE**
Type  Adult Misdemeanor

Style  State of Texas vs KEVIN JOSE IRIARTE

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03782
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 2:19 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024  Appealed

**Additional Barcodes**

**Related Cases**

Active Screen Tabs

What's New

Case Search Results

20240C03782

CT  Create Task

G  ESigs

F  Forms

S  Save

X  Exit

Enter selection

C~30



Tools ⌄    Configure ⌄

**Active** Screen Tabs

**20240C03785**

State of Texas vs DARWIN RAMON JIMENEZ
Type Adult Misdemeanor

What's New

Case Search Results

▌20240C03785

Style   State of Texas vs DARWIN RAMON JIMENEZ

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number | 20240C03785
Court | County Court at Law 7
Date Assigned | 05/24/2024
Judicial Officer | Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 2:26 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   **Appealed**

**Additional Barcodes**

**Related Cases**

   CT   Create Task

   G   ESigs
   F   Forms

   S   Save
   X   Exit

Enter selection

C~31

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

### 20240C03787

State of Texas vs FAUSTO ROMARIO JIMENEZ
Type  Adult Misdemeanor

Style  State of Texas vs FAUSTO ROMARIO JIMENEZ

Type  **Adult Misdemeanor**
Subtype  [          ] ▼
File Date  05/24/2024  📅
Security  [          ] ▼

**Case Assignment**

| | |
|---|---|
| Case Number | 20240C03787 |
| Court | County Court at Law 7 |
| Date Assigned | 05/24/2024 |
| Judicial Officer | Morales, Ruben |

**Case Files**

**Assignments**

Created: 5/24/2024 2:31 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

🗓 **Case Status**

06/28/2024    Appealed

**Additional Barcodes**

**Related Cases**                                                         Refresh

**Active Screen Tabs**

What's New

Case Search Results
▌20240C03787

• CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~32



Tools ∨    Configure ∨

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**Active Screen Tabs**

## 20240C03789

**State of Texas vs ANGEL GABRIEL MACHADO**
Type  Adult Misdemeanor

Style  State of Texas vs ANGEL GABRIEL MACHADO

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03789
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 2:34 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    **Appealed**

**Related Cases**

What's New

Case Search Results

20240C03789

⁴ CT  Create Task

ᴳ ESigs
ᶠ Forms

ˢ Save
ˣ Exit

Enter selection.

C~33

Tools ∨    Configure ∨                                          ⊡ ◈ ⊡ _ ⊟ ×

☆   SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷          Active Screen Tabs

20240C03792                                                                                          What's New

🔲🔳 **State of Texas vs RODRIGO ANDRES MARTINEZ**                                                     Case Search Results
Type Adult Misdemeanor                                                                               ▌20240C03792

Style  State of Texas vs RODRIGO ANDRES MARTINEZ                                Type **Adult Misdemeanor**
📝                                                                              Subtype [                    ] ▼
                                                                               File Date 05/24/2024 📅
                                                                               Security [                    ] ▼

**Case Assignment**                                                            **Case Files**

Case Number   20240C03792
Court         County Court at Law 7
Date Assigned 05/24/2024
Judicial Officer Morales, Ruben

**Assignments**                                    Created: 5/24/2024 2:38 PM Villa, Cheryl     **Case Flags**
                                                   Judicial Officer manually assigned.
                                                                                               Operation Lone Star Case

**Case Cross Reference Numbers**

**◻ Case Status**                                                              **Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

                                                                                               ◂ CT  Create Task

                                                                                                 ⊕  ESigs
                                                                                                 F  Forms

                                                                                                 S  Save
                                                                                                 X  Exit

                                                                                               ▦  Enter selection...

Tools ⌄    Configure ⌄

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷

**Active Screen Tabs**

20240C03795

**State of Texas vs ELISAUL ISMITH MENDEZ**
Type  Adult Misdemeanor

What's New

Case Search Results
| 20240C03795

Style  State of Texas vs ELISAUL ISMITH MENDEZ

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024  📅
Security

**Case Assignment**

**Case Files**

Case Number  20240C03795
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 2:43 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024    **Appealed**

**Related Cases**

⁴ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~35



Tools ˅    Configure ˅

☆   SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

## 20240C03797

🔲📗 **State of Texas vs EZER ANTONIO MONTIEL**
Type  Adult Misdemeanor

Style  State of Texas vs EZER ANTONIO MONTIEL

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03797
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 2:49 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**🗅 Case Status**

06/28/2024    **Appealed**

**Related Cases**

Active Screen Tabs

What's **New**

Case Search Results
▌20240C03797

◂ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▦  Enter selection.

C~36

Tools ∨   Configure ∨

☆  SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

**Active Screen** Tabs

## 20240C03799

What's New

🔲🔲 **State of Texas vs LUIS JOSE MORA**
Type  Adult Misdemeanor

Case Search Results

❚ 20240C03799

Style  State of Texas vs LUIS JOSE MORA
📝

Type  **Adult Misdemeanor**
Subtype  [                    ] ▼
File Date  05/24/2024  📅
Security  [                    ] ▼

**Case Assignment**

**Case Files**

Case Number  20240C03799
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 2:56 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

🗔 **Case Status**

07/02/2024   **Appealed**

**Related Cases**                                                   Refresh

◄ CT  Create Task

G  ESigs
=  Forms

S  Save
X  Exit

≡  Enter selection

C~37

Tools ∨    Configure ∨

☆ SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL   ▷      Active Screen Tabs

**20240C03801**

▣▣ **State of Texas vs ULISES JOSE OLIVEROS**
Type   Adult Misdemeanor

| | | |
|---|---|---|
| What's New | | |
| Case Search Results | | |
| ▌20240C03801 | | |

Style   State of Texas vs ULISES JOSE OLIVEROS

Type **Adult Misdemeanor**
Subtype [      ] ▼
File Date [ 05/24/2024 ] 🗓
Security [      ] ▼

**Case Assignment**

Case Number   20240C03801
Court   County Court at Law 7
Date Assigned   05/24/2024
Judicial Officer   Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 3:00 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**⌂ Case Status**

06/28/2024   **Appealed**

**Additional Barcodes**

**Related Cases**

* CT   Create Task

G   ESigs
F   Forms

S   Save
X   Exit

Enter selection

C~38



Tools ∨    Configure ∨

SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

20240C03807

State of Texas vs JOSE SNEYDER ORDONEZ
Type Adult Misdemeanor

Style State of Texas vs JOSE SNEYDER ORDONEZ

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number 20240C03807
Court County Court at Law 7
Date Assigned 05/24/2024
Judicial Officer Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 3:31 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

Active Screen Tabs

What's New
Case Search Results
20240C03807

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~39



Tools ∨   Configure ∨

☆ SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

**Active** Screen Tabs

20240C03811

State of Texas vs LUIS FERNANDO ORTIZ
Type Adult Misdemeanor

What's New
Case Search Results
20240C03811

Style  State of Texas vs LUIS FERNANDO ORTIZ

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number  20240C03811
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 3:47 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Additional Barcodes**

**Related Cases**

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~40



SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ›

**Active Screen Tabs**

## 20240C03813

**State of Texas vs ELEAZAR ISAAC PACHECO**
Type  Adult Misdemeanor

Style  State of Texas vs ELEAZAR ISAAC PACHECO

**Case Assignment**

Case Number  20240C03813
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 3:52 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Files**

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

What's New

Case Search Results
20240C03813

‹ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Erase selection

C~41

Tools ∨     Configure ∨

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷          Active Screen **Tabs**

## 20240C03815

**State of Texas vs HEIDER JEFRED PALACIOS**
Type  Adult Misdemeanor

Style  State of Texas vs HEIDER JEFRED PALACIOS

Type  **Adult Misdemeanor**
Subtype  [                    ▼]
File Date  05/24/2024  📅
Security  [                    ▼]

**Case Assignment**

Case Number  20240C03815
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 3:56 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**△ Case Status**

06/28/2024    Appealed

**Related Cases**

◁ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

What's New

Case Search Results

▌20240C03815

▤  Enter selection

C~42



☆  SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷        Active Screen Tabs

**20240C03816**

**State of Texas vs WILSON SALVADO PALENCIA**
Type  Adult Misdemeanor

What's New

Case Search Results

20240C03816

Style  State of Texas vs WILSON SALVADO PALENCIA

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03816
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:14 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Additional Barcodes**

**Related Cases**

◂ CT  Create Task

G  ESigs
=  Forms

S  Save
X  Exit

Enter selection

C~43



**Active** Screen Tabs

# 20240C03817

**State of Texas vs JOSE DARIO PAZ**
Type Adult Misdemeanor

Style  State of Texas vs JOSE DARIO PAZ

What's New

Case Search Results

20240C038T7

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Assignment**

Case Number  20240C03817
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:17 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

**Case Status**

06/28/2024    Appealed

**Related Cases**

« CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection.

C~44





20240C03819

**State of Texas vs ANGELO MOISES POLANCO**
Type Adult Misdemeanor

Style   State of Texas vs ANGELO MOISES POLANCO

Type **Adult Misdemeanor**
Subtype
File Date 05/24/2024
Security

**Case Assignment**

Case Number   20240C03819
Court   County Court at Law 7
Date Assigned   05/24/2024
Judicial Officer   Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:24 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

06/28/2024    **Appealed**

**Additional Barcodes**

**Related Cases**

Active Screen Tabs

What's New

Case Search Results

20240C03819

◂ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~46

Tools ⌄     Configure ⌄

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷         Active Screen Tabs

## 20240C03820

What's New

**⊞⊡ State of Texas vs ANGEL EDUARDO QUINTERO**
Type  Adult Misdemeanor

Case Search Results

▌20240C03820

Style  State of Texas vs ANGEL EDUARDO QUINTERO
📝

Type **Adult Misdemeanor**
Subtype ▼
File Date 05/24/2024 📅
Security ▼

**Case Assignment**

Case Number  20240C03820
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:27 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**⧉ Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

◀ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▪ Enter selection...

C~47



C~48



Tools ∨     Configure ∨

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs

### 20240C03822

What's New

🔲🔃 **State of Texas vs MELVIN ISMAEL ZURITA**
Type  Adult Misdemeanor

Case Search Results

▌20240C03822

Style  State of Texas vs MELVIN ISMAEL ZURITA
📝

Type  **Adult Misdemeanor**
Subtype  [                    ] ▼
File Date  05/24/2024  📅
Security  [                ] ▼

**Case Assignment**

Case Number  20240C03822
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:35 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

🔒 **Case Status**

07/01/2024    **Appealed**

**Related Cases**

• CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▦  Enter selection...

C~49

Tools ⌄    Configure ⌄                                                    ⬚ ⚙ [□] _ ⬚ ✕

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷         **Active Screen Tabs**

## 20240C03823

🅣🅢 **State of Texas vs DEIKER DAVID RAMIREZ**                                                    What's New
Type  Adult Misdemeanor                                                                            Case Search Results

Style  State of Texas vs DEIKER DAVID RAMIREZ                          Type  **Adult Misdemeanor**    ▌20240C03823
📝                                                                      Subtype  [              ]▼
                                                                       File Date  05/24/2024  📅
                                                                       Security  [              ]▼

**Case Assignment**                                                    **Case Files**

Case Number  20240C03823
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**                          Created: 5/24/2024 4:38 PM Villa, Cheryl    **Case Flags**
                                         Judicial Officer manually assigned.
                                                                        Operation Lone Star Case

**Case Cross Reference Numbers**

🗂 **Case Status**                                                       **Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

                                                                                            ◄ CT  Create Task

                                                                                            G  ESigs
                                                                                            F  Forms

                                                                                            S  Save
                                                                                            X  Exit

                                                                                            ⠿  Enter selection

C~50



C~51



Tools ∨     Configure ∨

☆   SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL   ▷      **Active Screen Tabs**

## 20240C03825

🆔 **State of Texas vs RAMON HEBERTO RUIZ**
Type   Adult Misdemeanor

What's New

Case Search Results
▌ 20240C03825

Style   State of Texas vs RAMON HEBERTO RUIZ

Type   **Adult Misdemeanor**
Subtype   [     ▼ ]
File Date   [ 05/24/2024 🗓 ]
Security   [     ▼ ]

**Case Assignment**

Case Number   20240C03825
Court   County Court at Law 7
Date Assigned   05/24/2024
Judicial Officer   Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:45 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Additional Barcodes**

🔒 **Case Status**

07/02/2024    **Appealed**

**Related Cases**

◂ CT   Create Task

G   ESigs
F   Forms

S   Save
X   Exit

▥   Enter selection

C ~ 52



Tools ⌄    Configure ⌄

☆  SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL  ▷

**20240C03826**

**State of Texas vs ENDERSON JOSE SILVA**
Type  Adult Misdemeanor

Style  State of Texas vs ENDERSON JOSE SILVA

**Case Assignment**

Case Number  20240C03826
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/24/2024 4:48 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Cross Reference Numbers**

**Case Status**

06/28/2024    Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype
File Date  05/24/2024
Security

**Case Files**

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

Active Screen Tabs

What's New
Case Search Results
▌20240C03826

‹ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~53

Tools ∨    Configure ∨

☆   SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

20240C03827

**State of Texas vs JOSE ANTONIO TORRELLES**
Type  Adult Misdemeanor

Style  State of Texas vs JOSE ANTONIO TORRELLES

| | |
|---|---|
| Type | **Adult Misdemeanor** |
| Subtype | |
| File Date | 05/24/2024 |
| Security | |

**Case Assignment**

Case Number  20240C03827
Court  County Court at Law 7
Date Assigned  05/24/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/24/2024 4:50 PM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

Active Screen Tabs

What's New

Case Search Results

20240C03827

◄ CT  Create Task

G   ESigs
F   Forms

S   Save
X   Exit

Enter selection

C~54



C~55



☆   SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs

20240C03829

State of Texas vs ALDAIR MILLER VALENXIA
Type  Adult Misdemeanor

Style  State of Texas vs ALDAIR MILLER VALENDIA

**Case Assignment**

Case Number  20240C03829
Court  County Court at Law 7
Date Assigned  05/28/2024
Judicial Officer  Morales, Ruben

**Assignments**

Created: 5/28/2024 8:13 AM Villa, Cheryl
Judicial Officer manually assigned.

**Case Cross Reference Numbers**

**Case Status**

06/28/2024   Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype
File Date  05/28/2024
Security

**Case Files**

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

What's New
Case Search Results
20240C03829

◄ CF  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection...

C~56

Tools ⌄    Configure ⌄

☆  SUMMARY   **DETAIL**   PARTIES   CHARGES   EVENTS   SERVICE   HEARINGS   CONDITIONS   DISPOSITION   FINANCIAL   ▷

## 20240C03830

🔲🔳 **State of Texas vs JULIO ENRIQUE VEGA**
Type  Adult Misdemeanor

Style  State of Texas vs JULIO ENRIQUE VEGA

**Case Assignment**

Case Number  20240C03830
Court  County Court at Law 7
Date Assigned  05/28/2024
Judicial Officer  Morales, Ruben

**Assignments**

**Case Cross Reference Numbers**

📄 **Case Status**

07/01/2024   **Appealed**

**Related Cases**

Type  **Adult Misdemeanor**
Subtype  ▼
File Date  05/28/2024  📅
Security  ▼

**Case Files**

Created: 5/28/2024 8:17 AM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Additional Barcodes**

Active Screen Tabs

What's New

Case Search Results

❚ 20240C03830

« CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection...

C~57

Tools ∨     Configure ∨

☆  SUMMARY    DETAIL    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

Active Screen Tabs

## 20240C03831

**📑📑 State of Texas vs LUIS ANTONIO VELASQUEZ**
Type  Adult Misdemeanor

What's New

Case Search Results

▌20240C03831

Style  State of Texas vs LUIS ANTONIO VELASQUEZ
📝

Type  **Adult Misdemeanor**
Subtype
File Date  05/28/2024  📅
Security

**Case Assignment**

Case Number  20240C03831
Court  County Court at Law 7
Date Assigned  05/28/2024
Judicial Officer  Morales, Ruben

**Case Files**

**Assignments**

Created: 5/28/2024 8:21 AM Villa, Cheryl
Judicial Officer manually assigned.

**Case Flags**

Operation Lone Star Case

**Case Cross Reference Numbers**

**🔒 Case Status**

**Additional Barcodes**

06/28/2024    Appealed

**Related Cases**

◄ CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

▓  Enter selection

C~58



Tools ⌄    Configure ⌄

☆   SUMMARY    **DETAIL**    PARTIES    CHARGES    EVENTS    SERVICE    HEARINGS    CONDITIONS    DISPOSITION    FINANCIAL    ▷

**20240C03832**

**State of Texas vs JOSBEIKER JOSE VILORIA**
Type  Adult Misdemeanor

Style  State of Texas vs JOSBEIKER JOSE VILORIA

**Case Assignment**

Case Number  20240C03832
Court  County Court at Law 7
Date Assigned  05/28/2024
Judicial Officer  Morales, Ruben

**Assignments**
Created: 5/28/2024 8:24 AM Villa, Cheryl
Judicial Officer manually assigned.

**Case Cross Reference Numbers**

⌂ **Case Status**

06/28/2024    Appealed

**Related Cases**

Type  **Adult Misdemeanor**
Subtype
File Date  05/28/2024
Security

**Case Files**

**Case Flags**
Operation Lone Star Case

**Additional Barcodes**

Active Screen Tabs

What's New
Case Search Results
▌20240C03832

 CT  Create Task

G  ESigs
F  Forms

S  Save
X  Exit

Enter selection

C~59

# EXHIBIT D

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK

2024 MAY 21 PM 1:51

EL PASO COUNTY, TEXAS

BY_____
DEPUTY

## FROM THE GRAND JURY FOR THE
<u>120th</u> JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | |
|---|---|
| IN THE MATTER OF CHARGES OF | § |
| | § |
| MISDEMEANOR OFFENSES | § |
| | § |
| BY GRAND JURY INDICTMENT | § |

### ORDER OF CERTIFICATION AND TRANSFER

The Grand Jury inquired into misdemeanor level offenses and returned indictments relating to those misdemeanor cases listed in the Charging Instrument Report consisting of ____8____ pages attached hereto as Exhibit A, dated _May 21, 2024_ and incorporated by reference as if fully set forth herein.

Pursuant to Texas Constitution Article.5, Section 17, the Court hereby certifies to the County Courts that said indictments were returned into the District Court and that the same should be transferred into the County Courts of El Paso County, Texas, being the courts with appropriate jurisdiction.

IT IS THEREFORE ORDERED that each of the cases listed on Exhibit A attached hereto should be transferred to the County Courts of El Paso County having jurisdiction.

SIGNED and ENTERED this the ____21st____ of ____May____, 2024

_____
PRESIDING JUDGE

EL PASO COUNTY, TEXAS
COUNTY CLERK

2024 MAY 21 PM 2:26

FILED FOR RECORD
IN MY OFFICE

D-1

# 120TH GRAND JURY
## Re-Indictment

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 20240C02874<br><br>SO 9704294 | ESCALANTE,<br>VICTOR<br><br>09/23/1995 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04607-CR | 20240C03711 |
| 2 | 20240C02872<br><br>SO 9704324 | GARCIA,<br>ROBERTO<br>ALONZO<br><br>12/30/1984 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04615-CR | 20240C03712 |
| 3 | 20240C02864<br><br>SO 9704298 | GONZALEZ,<br>LUIS ANGEL<br><br>03/18/1992 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04624-CR | 20240C03713 |
| 4 | 20240C02868<br><br>SO 9704309 | HENRIQUEZ,<br>EMILIO JOSE<br><br>12/24/1989 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04627-CR | 20240C03725 |
| 5 | 20240C02877<br><br>SO 9704335 | MARIN, OSCAR<br>ALBINO<br><br>01/07/1999 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04634-CR | 20240C03728 |
| 6 | 20240C02881<br><br>SO 9704303 | MARTINEZ, PIN<br>YHONSON<br><br>10/26/1988 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04635-CR | 20240C03731 |
| 7 | 20240C02884<br><br>SO 9704341 | MEJIA, CARLOS<br>OSMIN<br><br>02/22/1980 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04637-CR | 20240C03734 |

D-2

# 120<sup>TH</sup> GRAND JURY
## Re-Indictment

| 8 | 20240C02909 | PEREZ, ALDEMARO RAIAEL | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04640-CR | 20240CO3737 |
|---|---|---|---|---|---|---|
| | SO 9704332 | | Misdemeanor Class B | | | |
| | | 03/22/1987 | | | | |
| 9 | 20240C02919 | POLANCO, ASAEL DANIEL | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04641-CR | 20240CO3741 |
| | SO 9704286 | | Misdemeanor Class B | | | |
| | | 11/02/1985 | | | | |
| 10 | 20240C02929 | QUINONEZ, JONATHAN JOHAO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04642-CR | 20240CO3742 |
| | SO 9704317 | | Misdemeanor Class B | | | |
| | | 10/20/2003 | | | | |
| 11 | 20240C02959 | RIVAS, DIEGO JESUS | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04653-CR | 20240CO3743 |
| | SO 9704328 | | Misdemeanor Class B | | | |
| | | 12/09/2004 | | | | |
| 12 | 20240C02979 | ROBLES, GUSTAVO ANDRES | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04657-CR | 20240CO3747 |
| | SO 9704345 | | Misdemeanor Class B | | | |
| | | 12/22/1995 | | | | |
| 13 | 20240C02983 | RODRIGUEZ, CRISTIAN EDUARDO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04658-CR | 20240CO3748 |
| | SO 9704307 | | Misdemeanor Class B | | | |
| | | 02/11/1998 | | | | |
| 14 | 20240C02980 | RUBIO, CARLOS ANDRES | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04659-CR | 20240CO3752 |
| | SO 9704326 | | Misdemeanor Class B | | | |
| | | 06/02/1993 | | | | |

D-3

| 15 | 20240C02903 SO 9704327 | SUAREZ, LENIN ANTON 05/20/1983 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04664-CR | *20240C03754* |
| 16 | 20240C02949 9704357 | FERNANDEZ, RAFAEL ANGEL 02/22/1990 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04744-CR | *20240C03755* |
| 17 | 20240C02958 9704373 | GARCIA, MIGUEL ANGEL 12/30/1969 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04746-CR | *20240C03756* |
| 18 | 20240C02965 9704381 | GONZALEZ, OMAR RAFAEL 08/25/1980 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04747-CR | *20240C03757* |
| 19 | 20240C02907 9704347 | MOREJON, EYLER ROLL 12/21/1989 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04751-CR | *20240C03769* |
| 20 | 20240C02910 9704384 | PRESBI, JUAN CARLOS 05/20/1993 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04752-CR | *20240C03770* |
| 21 | 20240C02915 9704382 | QUINTERO, YORDAN JESUS 02/21/1999 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04753-CR | *20240C03771* |
| 22 | 20240C02928 9704350 | TORRES, EMILIORANON 09/30/1972 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04755-CR | *20240C03772* |

D-4

# 120TH GRAND JURY
## Re-Indictment

| 23 | 20240C02939<br>9704351 | VALERIANO,<br>JOSE ESTEBAN<br>09/16/1991 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04758-CR | 20240CO3773 |
| --- | --- | --- | --- | --- | --- | --- |
| 24 | 20240C02951<br>9704353 | VASQUEZ, LUIS<br>IGNACIO<br>03/19/1969 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04760-CR | 20240CO3775 |
| 25 | 20240C02924<br>9704449 | GIMENEZ,<br>CARLOS<br>ALBERTO<br>01/27/1969 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04780-CR | 20240CO3776 |
| 26 | 20240C02933<br>9704444 | GONZALEZ,<br>CRISNER<br>ENRIQUE<br>04/09/1999 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04782-CR | 20240CO3777 |
| 27 | 20240C02887<br>9704472 | GONZALEZ,<br>LUIS EDUARDO<br>08/27/1996 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04769-CR | 20240CO3778 |
| 28 | 20240C02897<br>9704423 | HERNANDEZ,<br>ELIGIO JOSE<br>05/31/1997 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04773-CR | 20240CO3779 |
| 29 | 20240C02901<br>9704454 | HERNANDEZ,<br>JELKEL MICHEL<br>02/02/2002 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04775-CR | 20240CO3781 |
| 30 | 20240C02913<br>9704463 | IRIARTE, KEVIN<br>JOSE<br>12/12/2005 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04779-CR | 20240CO3782 |

D-5

# 120<sup>TH</sup> GRAND JURY
## Re-Indictment

| 31 | 20240C02921 | JIMENEZ, DARWIN RAMON | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04785-CR | 20240C03785 |
| | 9704466 | | Misdemeanor Class B | | | |
| | | 03/17/1987 | . | | | |
| 32 | 20240C02900 | JIMENEZ, FAUSTO ROMARIO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04787-CR | 20240C03787 |
| | 9704389 | | Misdemeanor Class B | | | |
| | | 01/14/2005 | . | | | |
| 33 | 20240C02911 | MACHADO, ANGEL GABRIEL | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04790-CR | 20240C03789 |
| | 9704390 | | Misdemeanor Class B | | | |
| | | 04/09/2001 | . | | | |
| 34 | 20240C02926 | MARTINEZ, RODRIGO ANDRES | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04796-CR | 20240C03792 |
| | 9704435 | | Misdemeanor Class B | | | |
| | | 06/02/1997 | . | | | |
| 35 | 20240C02931 | MENDEZ, ELISAUL ISMITH | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04781-CR | 20240C03795 |
| | 9704457 | | Misdemeanor Class B | | | |
| | | 11/10/1998 | . | | | |
| 36 | 20240C02936 | MONTIEL, EZER ANTONIO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04783-CR | 20240C03797 |
| | 9704460 | | Misdemeanor Class B | | | |
| | | 11/05/1985 | . | | | |
| 37 | 20240C02941 | MORA, LUIS | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04786-CR | 20240C03799 |
| | 9704395 | 07/06/1991 | Misdemeanor Class B | | | |
| | | | . | | | |
| 38 | 20240C02947 | OLIVEROS, ULISES JOSE | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04788-CR | 20240C03801 |
| | 9704392 | | Misdemeanor Class B | | | |
| | | 10/29/1987 | . | | | |

D-6

# 120TH GRAND JURY
## Re-Indictment

| 39 | 20240C02952 9704461 | ORDONEZ, JOSE SNEYDER 11/25/1998 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04791-CR | 20240CO3807 |
| 40 | 20240C02961 9704451 | ORTIZ, LUIS FERNANDO 03/31/2003 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04795-CR | 20240CO3811 |
| 41 | 20240C02964 9704399 | PACHECO, ELEAZAR ISAAC 03/05/2001 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04798-CR | 20240CO3813 |
| 42 | 20240C02930 9704406 | PALACIOS, HEIDER JEFRED 12/27/2005 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04800-CR | 20240CO3815 |
| 43 | 20240C02935 9704470 | PALENCIA, WILSON SALVADO 06/27/2005 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04801-CR | 20240CO3816 |
| 44 | 20240C02954 9704410 | PAZ, JOSE DARIO 10/05/1984 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04805-CR | 20240CO3817 |
| 45 | 20240C02969 9704427 | PEREIRA, DANIEL ALEXANDER 06/12/2004 | RIOT PARTICIPATION Misdemeanor Class B | 2024C-CID4-50003602 | 24-04807-CR | 20240CO3818 |

D~7

# 120<sup>TH</sup> GRAND JURY
## Re-Indictment

| | | | | | | |
|---|---|---|---|---|---|---|
| 46 | 20240C02972<br>9704417 | POLANCO,<br>ANGELO<br>MOISES<br>12/17/1990 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04809-CR | 20240C03819 |
| 47 | 20240C02977<br>9704419 | QUINTERO,<br>ANGEL<br>EDUARDO<br>06/17/1994 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04797-CR | 20240C03820 |
| 48 | 20240C02971 | QUINTERO,<br>SEBASTIAN<br>ANDRES<br>10-20-2005 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04799-CR | 20240C03821 |
| 49 | 20240C02937<br>SO 9704322 | ZURITA,<br>MELVIN<br>ISMAEL<br>11/28/2001 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04670-CR | 20240C03822 |
| 50 | 20240C02978<br>9704458 | RAMIREZ,<br>DEIKER DAVID<br>06/05/2005 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04802-CR | 20240C03823 |
| 51 | 20240C02988<br>9704465 | ROMERO, JOSUE<br>RAFAEL<br>04/04/2001 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04808-CR | 20240C03824 |
| 52 | 20240C02989<br>9704411 | RUIZ, RAMON<br>HEBERTO<br>04/22/1994 | RIOT<br>PARTICIPATION<br>Misdemeanor<br>Class B | 2024C-CID4-<br>50003602 | 24-04810-CR | 20240C03825 |

D-8

# 120<sup>TH</sup> GRAND JURY
## Re-Indictment

| 53 | 20240C02982 | SILVA, ENDERSON JOSE | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04813-CR | 20240C03826 |
|---|---|---|---|---|---|---|
| | 9704409 | 02/15/2001 | Misdemeanor Class B | | | |
| 54 | 20240C02987 | TORRELLES, JOSE ANTONIO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04817-CR | 20240C03827 |
| | 9704418 | 11/28/1986 | Misdemeanor Class B | | | |
| 55 | 20240C02990 | TORRES, ELVIS STEFANO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04818-CR | 20240C03828 |
| | 9704469 | 03/20/1984 | Misdemeanor Class B | | | |
| 56 | 20240C02991 | VALENXIA, ALDAIR MILLER | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04819-CR | 20240C03829 |
| | 9704396 | 10/31/1998 | Misdemeanor Class B | | | |
| 57 | 20240C02993 | VEGA, JULIO ENRIQUE | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04820-CR | 20240C03830 |
| | 9704420 | 07/03/1997 | Misdemeanor Class B | | | |
| 58 | 20240C02956 | VELASQUEZ, LUIS ANTONIO | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04812-CR | 20240C03831 |
| | 9704468 | 06/15/1991 | Misdemeanor Class B | | | |
| 59 | 20240C02968 | VILORIA, JOSBEIKER JOSE | RIOT PARTICIPATION | 2024C-CID4-50003602 | 24-04816-CR | 20240C03832 |
| | 9704453 | 09/09/2001 | Misdemeanor Class B | | | |

D~9

# EXHIBIT E

Filed 6/7/2024 2:44 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO. 20240C03711 |
| | § | |
| VICTOR MANUEL ESCALANTE | § | |

## DEFENDANT'S WRITTEN OBJECTION TO THE ALTERING OF COURT'S FILE WITHOUT NOTICE OR HEARING

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW, VICTOR MANUEL ESCALANTE,** the Defendant in the above-entitled and numbered cause, by and through undersigned counsel, and pursuant to Articles 1.04 of the Texas Code of Criminal Procedure, the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Tex. Const. art. I, § 10, 13, 19, and V.T.C.A., Government Code § 51.303 hereby objects to:

1. the addition of exhibit "A" of the "Order of Certification and Transfer" dated May 21, 2024. As of the time of the hearings on the Plea to the Jurisdiction on June 6th, 2024, such exhibit had not been attached and the State, the Court and the Defendant noted that such was the case at that hearing.

2. the fact that there was no hearing or notice to the Defendant as to the alteration of the Court's file, who altered the file, when it was altered, how it was altered, and under what authority the file was altered.

Under V.T.C.A., Government Code § 51.303, a district clerk, "of a district court has custody of and shall carefully maintain and arrange the records relating to or lawfully deposited in the clerk's office", and "record the acts and proceedings of the court". A clerk should not add or delete anything from the documents furnished by the parties. We therefore are requesting a hearing to ascertain how exhibit "A" was added to the court's file.

E~1

Respectfully submitted,

EL PASO COUNTY PUBLIC DEFENDER

BY:     /S/ KELLI CHILDRESS
        KELLI CHILDRESS
        State Bar No. 24123476
        Attorney for Defendant
        500 E. San Antonio Ave., Room 501
        El Paso, Texas 79901
        (915)546-8185/Fax (915)546-8186

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was delivered to the El Paso County District Attorney's Office via E-File.Texas.Gov on the date this document was accepted for filing by the Clerk's Office.

                        /S/ KELLI CHILDRESS
                        KELLI CHILDRESS

E~2

IN THE COUNTY COURT AT LAW NUMBER SEVEN

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO. 20240C02874 |
| | § | |
| VICTOR MANUEL ESCALANTE | § | |

ORDER SETTING HEARING

On this _____ day of _____, 2024, the Court considered the Defendant's Written Objection to the Altering of Court's File Without Notice or Hearing, and it appearing to the Court that Defendant is confined in the El Paso County Jail Annex, the Court is of the opinion that Defendant is entitled to a hearing on the Defendant's Written Objection to the Altering of Court's File Without Notice or Hearing.

IT IS THEREFORE ORDERED that the Sheriff of El Paso County, Texas, have and produce the person of VICTOR MANUEL ESCALANTE before me in the courtroom of the COUNTY COURT AT LAW NUMBER SEVEN on the _____ day of _____, 2024, at _____ O'CLOCK ___. M.

Signed this _____ day of _____, 2024.

_____

JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Adriana Luevano on behalf of Kelli Childress
Bar No. 24123476
ALuevano@epcounty.com
Envelope ID: 88579799
Filing Code Description: Motion
Filing Description: Defendants Written Objection to the Altering of Courts File Without Notice or Hearing
Status as of 6/7/2024 3:19 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DA CRIMINAL | | DACRIMINAL@EPCOUNTY.COM | 6/7/2024 2:44:46 PM | SENT |
| CC7 Efile | | cc7efile@epcounty.com | 6/7/2024 2:44:46 PM | SENT |

EXHIBIT F

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03711 |
| | § | |
| VICTOR MANUEL ESCALANTE | § | |
| | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~1

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/9/2024 9:27 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03712 |
| | § | |
| ROBERTO ALONZO GARCIA | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~3

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

F~4

Filed 6/10/2024 3:03 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 2024OC03713 |
| | § | |
| LUIS ANGEL GONZALEZ | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F ~ 5

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____          6-9-24
JUDGE RUBEN MORALES                       DATE
County Court at Law #7

Filed 6/9/2024 9:17 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS §
§
VS. §        CAUSE NO.: 20240C03725
EMILIO JOSE HENRIQUEZ §
§

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~7

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/9/2024 9:38 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03728 |
| OSCAR ALBINO MARIN | § | |
| | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F ~ 9

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/9/2024 8:58 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03731 |
| PIN YHONSON MARTINEZ | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~11

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/9/2024 8:51 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03734 |
| CARLOS OSMIN MEJIA | § | |
| | § | |
| | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~13

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03737 |
| | § | |
| ALDEMARO RAIAEL PEREZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~15

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 4:00 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03741 |
| | § | |
| ASAEL DANIEL POLANCO | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~17

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____          6-9-24
JUDGE RUBEN MORALES                        DATE
County Court at Law #7

Filed 6/9/2024 9:02 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03742 |
| | § | |
| JONATHAN JOHAO QUINONEZ | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~19

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 4:12 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03743 |
| | § | |
| DIEGO JESUS RIVAS | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~21

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 4:14 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS § 
§
VS. §     CAUSE NO.: 20240C 03747
§
GUSTAVO ANDRES ROBLES § §

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~23

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 4:17 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03748 |
| | § | |
| CRISTIAN EDUARDO RODRIGUEZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~25

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.

_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03752 |
| | § | |
| CARLOS ANDRES RUBIO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~27

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03754 |
| | § | |
| LENIN ANTON SUAREZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~29

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/10/2024 12:35 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS                          §
                                        §
VS.                                     §          CAUSE NO.: 20240C 03755
                                        §
RAFAEL ANGEL GONZALEZ FERNANDEZ         §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~31

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03756 |
| | § | |
| MIGUEL ANGEL GARCIA | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F ~ 33

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 3:10 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS                    §
                                 §
VS.                              §          CAUSE NO.: 20240C 03757
                                 §
OMAR RAFAEL GONZALEZ             §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~35

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____        __6-9-24__
JUDGE RUBEN MORALES                DATE
County Court at Law #7

Filed 6/10/2024 3:34 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS        §
       §
VS.        §      CAUSE NO.: 20240C03769
       §
       §
EYLER ROLL MOREJON

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~37

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_____          _6-9-24_____
JUDGE RUBEN MORALES                        DATE
County Court at Law #7

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03770 |
| | § | |
| JUAN CARLOS PRESBI | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~39

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/10/2024 4:10 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03771 |
| | § | |
| YORDAN JESUS QUINTERO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~41

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

F ~ 42

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03772 |
| | § | |
| EMILIORANON TORRES | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~43

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS           §

§

VS.           §         CAUSE NO.: 20240C03773

§

JOSE ESTEBAN VALERIANO     §

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~45

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03775 |
| | § | |
| LUIS IGNACIO VASQUEZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~47

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03776 |
| CARLOS ALBERTO GIMENEZ | § | |
| | § | |
| | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F ~ 49

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS       §
      §
VS.       §      CAUSE NO.: 20240C 03777
CRISNER ENRIQUE GONZALEZ       §
      §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~51

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:07 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03778 |
| | § | |
| LUIS EDUARDO GONZALEZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~53

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03779 |
| | § | |
| ELIGIO JOSE HERNANDEZ | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F-55

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:12 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS                      §
                                    §
VS.                                 §        CAUSE NO.: 20240C 03781
                                    §
JELKEL MICHEL HERNANDEZ             §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~57

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:15 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03782 |
| | § | |
| KEVIN JOSE IRIARTE | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~59

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.

_Ruben Morales_
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_
DATE

Filed 6/10/2024 3:17 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03785 |
| | § | |
| DARWIN RAMON JIMENEZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~61

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/9/2024 9:11 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS                    §
                                  §
VS.                               §        CAUSE NO.: 20240C 03787
FAUSTO ROMARIO JIMENEZ            §
                                  §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~63

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

F~64

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03789 |
| | § | |
| | § | |
| ANGEL GABRIEL MACHADO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F-65

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____        6-9-24
JUDGE RUBEN MORALES                   DATE
County Court at Law #7

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03792 |
| | § | |
| RODRIGO ANDRES MARTINEZ | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~67

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.

JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:27 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03795 |
| | § | |
| | § | |
| ELISAUL ISMITH MENDEZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~69

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 3:30 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03797 |
| | § | |
| EZER ANTONIO MONTIEL | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~71

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/9/2024 9:34 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03799 |
| LUIS JOSE MORA | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~73

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 3:36 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS §
§
VS. § CAUSE NO.: 20240C03801
§
§
ULISES JOSE OLIVEROS §

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~75

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:40 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03807 |
| | § | |
| JOSE SNEYDER ORDONEZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~77

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:42 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03811 |
| | § | |
| | § | |
| LUIS FERNANDO ORTIZ | | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F ~ 79

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/10/2024 3:44 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03813 |
| | § | |
| | § | |
| ELEAZAR ISAAC PACHECO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~81

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

F~82

Filed 6/10/2024 3:46 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03815 |
| | § | |
| HEIDER JEFRED PALACIOS | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~83

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_
DATE

Filed 6/10/2024 3:48 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03816 |
| | § | |
| | § | |
| WILSON SALVADO PALENCIA | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~85

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 3:50 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03817 |
| | § | |
| | § | |
| JOSE DARIO PAZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~87

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 3:52 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03818 |
| | § | |
| DANIEL ALEXANDER PEREIRA | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~89

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_ _____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/10/2024 3:57 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03819 |
| | § | |
| ANGELO MOISES POLANCO | § | |

### ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~91

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_ _____          6-9-24_____
JUDGE RUBEN MORALES                        DATE
County Court at Law #7

F~92

Filed 6/10/2024 4:06 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03820 |
| | § | |
| ANGEL EDUARDO QUINTERO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~93

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 4:08 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03821 |
| | § | |
| | § | |
| SEBASTIAN ANDRES QUINTERO | | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~95

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

Filed 6/10/2024 4:49 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS        §

§

VS.        §        CAUSE NO.: 20240C03822

§

MELVIN ISMAEL ZURITA        §

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~97

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/9/2024 9:45 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03823 |
| | § | |
| DEIKER DAVID RAMIREZ | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~99

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____          6-9-24
JUDGE RUBEN MORALES                        DATE
County Court at Law #7

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03824 |
| | § | |
| JOSUE RAFAEL ROMERO | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~101

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_____          _6-9-24_____
JUDGE RUBEN MORALES                        DATE
County Court at Law #7

Filed 6/10/2024 4:23 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03825 |
| | § | |
| RAMON HEBERTO RUIZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~103

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.

JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

Filed 6/10/2024 4:26 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03826 |
| | § | |
| ENDERSON JOSE SILVA | § | |

<u>ORDER DISMISSING INDICTMENT</u>

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~105

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_
DATE

Filed 6/10/2024 4:29 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

STATE OF TEXAS §
§
VS. §          CAUSE NO.: 20240C03827
§
§
JOSE ANTONIO TORRELLES §

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~107

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03828 |
| | § | |
| | § | |
| ELVIS STEFANO TORRES | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~109

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


Ruben Morales
_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
_____
DATE

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03829 |
| | § | |
| ALDAIR MILLER VALENXIA | § | |
| | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~111

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_Ruben Morales_ _____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/10/2024 4:43 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03830 |
| | § | |
| JULIO ENRIQUE VEGA | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~113

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.

_Ruben Morales_                                     _6-9-24_
JUDGE RUBEN MORALES                          DATE
County Court at Law #7

F~114

Filed 6/10/2024 4:45 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C03831 |
| | § | |
| LUIS ANTONIO VELASQUEZ | § | |

## ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~115

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

_6-9-24_____
DATE

Filed 6/11/2024 8:18 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO, COUNTY, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20240C 03832 |
| | § | |
| JOSBEIKER JOSE VILORIA | § | |

ORDER DISMISSING INDICTMENT

This cause is before the Court to determine whether it has jurisdiction over misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024. A "Plea to the Jurisdiction" hearing was held on June 6, 2024. Although not all the cases were called on June 6, 2024, the facts pertaining to all the misdemeanor indictments returned by the 120th District Court Grand Jury on May 21, 2024, are identical. Therefore, if the Court finds that it does not have jurisdiction in one case, it does not have jurisdiction in any of the misdemeanor cases indicted by the 120th District Court Grand Jury on May 21, 2024.

At the hearing held on June 6, 2024, the Court took judicial notice of the matters contained in the court file. Each of the files on the defendants indicted on May 21, 2024, contained a one-page document titled "Order of Certification and Transfer". This document purported to transfer cases listed on an attached document from the 120th District Court to the County Courts. However, no document was attached. Consequently, the Order did not transfer any case from the 120th District Court to the County Courts. Although the State was made aware of this at the hearing on June 6, 2024, it did not provide any explanation. At the conclusion of the hearing, the matter was taken under advisement. As of the signing of this Order, on the eve of trial, the State has not filed any document explaining the deficiency and it has not moved to amend or correct the Order. The State has been given ample time to address the matter and it has not done so. Under these

F~117

circumstances, the Court is unable to find that its jurisdiction has been properly invoked.

It is therefore ORDERED that this cause is DISMISSED.

Defendant is ORDERED released from custody and the El Paso Sheriff's Office is ORDERED to remove any conditions of bond associated with this case from the Texas Crime Information Center database maintained by the Department of Public Safety.


_____
JUDGE RUBEN MORALES
County Court at Law #7

6-9-24
DATE

EXHIBIT G

## Appeals of Migrant cases

**Kelli Childress** <KChildress@epcounty.com>
Wed 7/10/2024 1:44 PM

To:Ruben Morales <RuMorales@epcounty.com>
Cc:Rebecca Spencer Tavitas <RTavitas@epcounty.com>;Preston Munson <PMunson@epcounty.com>;Todd D. Morten <TMorten@epcounty.com>;Daniel Marquez <DMarquez@epcounty.com>

Good afternoon, Your Honor,

I'm sure you are aware that the District Attorney appealed the dismissal of the 59 in-custody migrant cases. As we all are aware, on June 5, 2024, at the hearing on the jurisdictional question, there was no exhibit attached to any of the 59 transfer orders, nor was there a name or case number on any of the 59 transfer orders, nor had the matters previously been filed in the District Clerk's office, in order to preserve any judicial intentions there.

On Friday, June 7, exhibits quietly appeared in each of the County Clerk's files, with no notice, no file stamp, no motion, no court order, not even a notation from the Clerk as why an official record had been modified without the Court's permission.  On that same day, we filed a Motion to Strike the improper (and probably unlawful) modification of the official record, which never went to hearing due to the dismissal of the case on June 9.

Now, as the DA has requested the Clerk to prepare the record for the appeal, they have requested the inclusion of "6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024." That document, as it appears today, is NOT the same document that was filed on May 21, 2024, or even on June 6, 2024. The inclusion of the improperly modified record will be misleading as to the issue of whether Your Honor's findings as to the inadequacy of the transfer order were correct.

I'm exploring options for the clarification of the record to the Appellate Court, but I am also hoping that Your Honor and Mr. Munson will clarify that reality to the Appellate Court, as a grave injustice would occur if parties and/or clerks were allowed to manipulate records that actively alter appellate reviews. I would suggest that the Your Honor, Mr. Munson and myself all sign a sworn bystander's report, which I am happy to draft, informing the Justices of the unexplained appearance of the phantom exhibit, and requesting that they not consider it in their review of the dismissal.

Thank you for your consideration.

Kelli

G~1

# EXHIBIT H



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03711

### 🔲 State of Texas vs VICTOR MANUEL ESCALANTE
Type Adult Misdemeanor

| Documents | | | | | Previous | Next | Search | Get All Documents | Refresh 🖶 |

Type  All ▼
Sort  Date Descending ▼  Actions  Export
Show  All Documents ▼

☐ Open in External Viewer
☐ Use Default Image Printer

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/30/2024 | | Scanned Image | subpoena issued | 5 | 2 | X | |
| 📄 | 05/30/2024 | | Scanned Image | Application for Subpoena | | 2 | X | |
| 📄 | 05/30/2024 | | Scanned Image | SUBPOENA ISSUED | 3 | 2 | X | |
| 📄 | 05/29/2024 | | Scanned Imag | | | 2 | X | |
| 📄 | 05/29/2024 | | Scanned Imag | | 2 | 1 | X | |
| 📄 | 05/29/2024 | | Scanned Imag | | | 1 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 9 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 1 | X | |
| 📄 | 05/23/2024 | | Task Queue A | | | 1 | X | |

**Modify Document**

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description
Effective Date  05/23/2024 📅

Exit  🛈

Updated: 06/06/2024 2:59 PM Villa, Cheryl
Created: 05/23/2024 2:03 PM Villa, Cheryl

H~1



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03712

**State of Texas vs ROBERTO ALONZO GARCIA**

Type  Adult Misdemeanor

| Documents | | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|---|

☐ Open in External Viewer    Type  All ▼
☐ Use Default Image Printer    Sort  Date Descending ▼   Actions    Export
                               Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/30/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 📄 | 05/29/2024 | | Scanned Image | Subpoena Roberto Alonzo Garcia.pdf | 2 | 1 | x | |
| 📄 | 05/29/2024 | | Scanned Image | Application | | 1 | x | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 1 | x | |
| 📄 | 05/23/2024 | | Task Queue A | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description  ☐

Effective Date  05/23/2024 📅

Exit    i

Updated: 06/06/2024 2:57 PM Villa, Cheryl
Created: 05/23/2024 2:16 PM Villa, Cheryl

H~2



☆◁  FINANCIAL   PROT. ORDERS   WARRANTS   BONDS   EXHIBITS   **DOCUMENTS**   CJIS   APPEALS   APPOINTMENTS ▷

## 2024OC03713

**State of Texas vs LUIS ANGEL GONZALEZ**
Type Adult Misdemeanor

| Documents | | Previous | Next | Search | Get All Documents | Refresh |

□ Open in External Viewer
□ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼   Actions   Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 05/29/2024 | | Scanned Image | Subpoena Luis Angel Gonzalez.pdf | 2 | 1 | x | |
| 🗎 | 05/29/2024 | | Scanned Image | Application Luis Angel Gonzalez.pdf | | 1 | x | |
| 🗎 | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 🗎 | 05/23/2024 | | Task Queue A[ | | | 1 | x | |
| 🗎 | 05/23/2024 | | CC Scanned I[ | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description
Effective Date  05 23 2024

Exit  ⓘ

Updated: 06/06/2024 2:59 PM Villa, Cheryl
Created: 05/23/2024 2:22 PM Villa, Cheryl

H~3



20240C03725

### State of Texas vs EMILIO JOSE HENRIQUEZ
Type Adult Misdemeanor

| | | | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|---|---|

Type  All ▼

☐ Open in External Viewer
☐ Use Default Image Printer

Sort  Date Descending ▼   Actions   Export

Show  All Documents ▼

| | Date | OCR Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | Scanned Image | SUBPOENA DUCES TECUM/SERVER NOT SPECIFIED | 2 | 1 | x | |
| 📄 | 05/29/2024 | Scanned Image | APPLICATION FOR SUBPOENA DEUCES TECUM | | 1 | x | |
| 📄 | 05/23/2024 | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/23/2024 | CC Scanned I | | | 1 | x | |
| 📄 | 05/23/2024 | Task Queue A | | | 1 | x | |

**Modify Document**

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description  

Effective Date  05/23/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:59 PM Villa, Cheryl
Created: 05/23/2024 3:36 PM Villa, Cheryl

H~4



☆◁ FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

20240C03728

🔲🔲 **State of Texas vs OSCAR ALBINO MARIN**
Type  Adult Misdemeanor

| Documents | | | | | Previous | Next | Search | Get All Documents | Refresh 🖨 |

Type  All ▼

Sort  Date Descending ▼    Actions    Export

Show  All Documents ▼

☐ Open in External Viewer
☐ Use Default Image Printer

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 06/01/2024 | | Scanned Image | Jury Trial | 1 | X | |
| 📄 | 05/31/2024 | | Scanned Image | STATE S MOTION TO DISCLOSE EXPERT WITNESSES | 4 | X | |
| 📄 | 05/30/2024 | | Task Queue Attached PDF | COJ-Order Appointing | 5 | X | |
| 📄 | 05/23/2024 | | Task Queue A | | 1 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | 9 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description

Effective Date  05 23 2024 📅

Exit  ⓘ

Updated: 06/06/2024 3:01 PM Villa, Cheryl
Created: 05/23/2024 3:40 PM Villa, Cheryl

H~5



20240C03731

### ▣ ⬚ State of Texas vs PIN YHONSON MARTINEZ
Type Adult Misdemeanor

| | | Previous | Next | Search | Get All Documents | Refresh ⬚ |

| | Type | All ▼ | | ▼ |
| ☐ Open in External Viewer | Sort | Date Descending ▼ | Actions | Export |
| ☐ Use Default Image Printer | Show | All Documents ▼ | | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 05/30/2024 | | Scanned Image | SUBPOENA DUCES TECUM RETURN | 3 | 2 | X | |
| 🗎 | 05/30/2024 | | Task Queue Attached PDF | Order Appointing Attorney | | 5 | X | |
| 🗎 | 05/29/2024 | | Scanned Image | subpoena issued | 2 | 1 | X | |
| 🗎 | 05/29/2024 | | Scanned Imag | | | 1 | X | |
| 🗎 | 05/23/2024 | | Task Queue A | | | 1 | X | |
| 🗎 | 05/23/2024 | | CC Scanned I | | | 9 | X | |
| 🗎 | 05/23/2024 | | CC Scanned I | | | 1 | X | |

**Modify Document**

| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | ⬚ |
| Effective Date | 05/23/2024 📅 |

Exit                          ⓘ

Updated: 06/06/2024 3:01 PM Villa, Cheryl
Created: 05/23/2024 3:45 PM Villa, Cheryl



20240C03734

**State of Texas vs CARLOS OSMIN MEJIA**
Type Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh |

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All  ▼
Sort  Date Descending  ▼   Actions   Export
Show  All Documents  ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| 📄 | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | X | |
| 📄 | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image  ▼
Security Group  CC Scanned Image  ▼
Description  ✎
Effective Date  05/23/2024  📅

Exit  i/

Updated: 06/06/2024 3:02 PM Villa, Cheryl
Created: 05/23/2024 3:55 PM Villa, Cheryl

H~7



20240C03737

### State of Texas vs ALDEMARO RAIAEL PEREZ
Type Adult Misdemeanor

Previous   Next    Search   Get All Documents   **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type   All ▼
Sort   Date Descending ▼   Actions    Export
Show   All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 06/03/2024 | | Scanned Image | Motion Invoking Witness Rule | | 3 | x | |
| 🗎 | 05/31/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 🗎 | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 🗎 | 05/23/2024 | | CC Scanned I | | | 9 | x | |
| 🗎 | 05/23/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name   Order Of Certification And Transfer
Type   CC Scanned Image ▼
Security Group   CC Scanned Image ▼
Description   
Effective Date   05/23/2024 📅

Exit    ⓘ

Updated: 06/06/2024 3:03 PM Villa, Cheryl
Created: 05/23/2024 4:01 PM Villa, Cheryl



☆◁  FINANCIAL  PROT. ORDERS  WARRANTS  BONDS  EXHIBITS  **DOCUMENTS**  CJIS  APPEALS  APPOINTMENTS ▷

## 20240C03741

### State of Texas vs ASAEL DANIEL POLANCO
Type Adult Misdemeanor

| | Documents | | | Previous Next Search Get All Documents Refresh |
|---|---|---|---|---|

☐ Open in External Viewer
☐ Use Default Image Printer

Type All ▼
Sort Date Descending ▼   Actions
Show All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description  [                    ] ▤

Effective Date  05/23/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:44 PM Romero, Jessica
Created: 05/23/2024 4:07 PM Villa, Cheryl

H~9



20240C03742

### State of Texas vs JONATHAN JOHAO QUINONEZ
Type  Adult Misdemeanor

Documents                                           Previous    Next    Search  Get All Documents    Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending      Actions        Export
Show  All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | + |
|---|---|---|---|---|---|---|---|---|
| | 05/31/2024 | | Scanned Image | State's Motion To Disclose Expert Witnesses.pdf | 4 | | X | |
| | 05/31/2024 | | Task Queue Attached PDF | COJ-Order Appointing | 5 | | X | |
| | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | 9 | | X | |
| | 05/23/2024 | | Task Queue A | | 1 | | X | |
| | 05/23/2024 | | CC Scanned I | | 1 | | X | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image

Security Group  CC Scanned Image

Description

Effective Date  05/23/2024

Exit

Updated: 06/06/2024 2:45 PM Romero, Jessica
Created: 05/23/2024 4:13 PM Villa, Cheryl

H~10



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03743

### State of Texas vs DIEGO JESUS RIVAS
Type  Adult Misdemeanor

Documents    **Previous**    Next    **Search**   Get All Documents   **Refresh** 🔍

☐ Open in External Viewer
☐ Use Default Image Printer

| Type | All ▼ | ▼ |
| Sort | Date Descending ▼ | Actions | Export |
| Show | All Documents ▼ | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

#### Modify Document

| | |
|---|---|
| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | 📝 |
| Effective Date | 05 23 2024 📅 |

Exit    ⓘ

Updated: 06/06/2024 2:46 PM Romero, Jessica
Created: 05/23/2024 4:16 PM Villa, Cheryl

H~11



20240C03747

**State of Texas vs GUSTAVO ANDRES ROBLES**                    Inactive
Type  Adult Misdemeanor

**Documents**                                     Search  Get All Documents  **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending  ▼   Actions      Export
Show  All Documents  ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | LETTER FROM COURT OF APPEALS | | 3 | X | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | X | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | X | |
| 📄 | 06/10/2024 | | Task Queue A | | | 2 | X | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | X | |
| 📄 | 05/31/2024 | | Task Queue A | | | 5 | X | |
| 📄 | 05/23/2024 | | Task Queue A | | | 1 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 9 | X | |
| 🔍 | 05/23/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image  ▼
Security Group  CC Scanned Image  ▼
Description
Effective Date  05/23/2024

Exit                    ⓘ

Updated: 06/06/2024 2:47 PM Romero, Jessica
Created: 05/23/2024 4:21 PM Villa, Cheryl

H~12



☆◁ FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

20240C03748

State of Texas vs CRISTIAN EDUARDO RODRIGUEZ
Type  Adult Misdemeanor

Documents                                    Previous    Next    Search    Get All Documents    Refresh

☐ Open in External Viewer              Type    All
☐ Use Default Image Printer            Sort    Date Descending ▼    Actions    Export
                                       Show    All Documents ▼

| | Date | OCR Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|
| | 05/31/2024 | Scanned Image | State's Motion to Disclose Experts Witnesses.pdf | 4 | x | |
| | 05/31/2024 | Task Queue Attached PDF | COJ-Order Appointing | 5 | x | |
| | 05/23/2024 | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | 1 | x | |
| | 05/23/2024 | CC Scanned I | | 9 | x | |
| | 05/23/2024 | CC Scanned I | | 1 | x | |

Modify Document                                                        ×

          Name    Order Of Certification And Transfer
          Type    CC Scanned Image                   ▼
 Security Group    CC Scanned Image                   ▼
   Description                                        ☑
Effective Date    05/23/2024    📅

                        Exit                          ⓘ

Updated: 06/06/2024 2:48 PM Romero, Jessica
Created: 05/23/2024 4:25 PM Villa, Cheryl

H~13

20240C03752

### State of Texas vs CARLOS ANDRES RUBIO
Type Adult Misdemeanor



| | Documents | | | | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|---|---|---|---|

Type | All ▼ | ▼
Sort | Date Descending ▼ | Options | Export
Show | All Documents ▼

☐ Open in External Viewer
☐ Use Default Image Printer

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 🗐 | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 🗐 | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 🗐 | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

**Modify Document**

Name | Order Of Certification And Transfer
Type | CC Scanned Image ▼
Security Group | CC Scanned Image ▼
Description | | 🗒
Effective Date | 05/23/2024 📅

Exit    ⓘ

Updated: 06/06/2024 2:49 PM Romero, Jessica
Created: 05/23/2024 4:31 PM Villa, Cheryl

H~14



20240C03754

**State of Texas vs LENIN ANTON SUAREZ**
Type  Adult Misdemeanor

**Documents**                    Previous   Next   **Search**   Get All Documents   **Refresh**

☐ Open in External Viewer          Type  All ▼
☐ Use Default Image Printer        Sort  Date Descending ▼   Actions   Export
                                   Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description

Effective Date  05/23/2024

Exit                                    i

Updated: 06/06/2024 2:41 PM Leyva, Diannia
Created: 05/23/2024 4:37 PM Villa, Cheryl

H~15



☆◁  FINANCIAL     PROT. ORDERS     WARRANTS     BONDS     EXHIBITS     **DOCUMENTS**     CJIS     APPEALS     APPOINTMENTS ▷

20240C03755

**State of Texas vs RAFAEL ANGEL GONZALEZ FERNANDEZ**
Type  Adult Misdemeanor

| Documents | | | | | Search  Get All Documents  **Refresh** | | |
|---|---|---|---|---|---|---|---|

Type  All ▼
☐ Open in External Viewer              Sort  Date Descending ▼    Actions     Export
☐ Use Default Image Printer            Show  All Documents ▼

|   | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 |  | Task Queue Attached PDF | Letter from Court of Appeals |  | 3 | x |  |
| 📄 | 07/01/2024 |  | Task Queue Attached PDF | DOCKETING CERTIFICATE |  | 1 | x |  |
| 📄 | 06/28/2024 |  | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x |  |
| 📄 | 06/10/2024 |  | Task Queue A | | | 2 | x |  |
| 📄 | 05/30/2024 |  | Task Queue A | | | 5 | x |  |
| 📄 | 05/23/2024 |  | Task Queue A | | | 1 | x |  |
| 📄 | 05/23/2024 |  | CC Scanned I | | | 9 | x |  |
| 📄 | 05/23/2024 |  | CC Scanned I | | | 1 | x |  |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description

Effective Date  05/23/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:42 PM Leyva, Diannia
Created: 05/23/2024 4:41 PM Villa, Cheryl

H~16



20240C03756

**State of Texas vs MIGUEL ANGEL GARCIA**
Type Adult Misdemeanor

| | Search | Get All Documents | **Refresh** |

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All  ▼
Sort  Date Descending  ▼   Actions   Export
Show  All Documents  ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | X | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | DOCKETING CERTIFICATE | | 1 | X | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | X | |
| 📄 | 06/10/2024 | | Task Queue At | | | 2 | X | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | X | |
| 📄 | 05/30/2024 | | Task Queue At | | | 5 | X | |
| 📄 | 05/23/2024 | | Task Queue At | | | 1 | X | |
| 📄 | 05/23/2024 | | CC Scanned I | | | 9 | X | |
| 🗐 | 05/23/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name    Order Of Certification And Transfer

Type    CC Scanned Image  ▼

Security Group    CC Scanned Image  ▼

Description

Effective Date    05 23 2024  📅

Exit    ⓘ

Updated: 06/06/2024 2:44 PM Leyva, Diannia
Created: 05/23/2024 4:45 PM Villa, Cheryl

H~17



20240C03757

**State of Texas vs OMAR RAFAEL GONZALEZ**
Type  Adult Misdemeanor

Previous    Next    Search    Get All Documents    Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼    Actions    Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | |
|---|---|---|---|---|---|---|---|---|
| | 05/23/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| | 05/23/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| | 05/23/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image ▼

Security Group  CC Scanned Image ▼

Description

Effective Date  05/23/2024

Exit

Updated: 06/06/2024 2:45 PM Leyva, Diannia
Created: 05/23/2024 4:51 PM Villa, Cheryl

H~18



20240C03769

■⏺ **State of Texas vs EYLER ROLL MOREJON**
Type  Adult Misdemeanor

Documents                                        Previous   Next      Search   Get All Documents   Refresh ⊙

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼                    ▼
Sort  Date Descending ▼   Actions       Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 🗐 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 🗐 | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name         Order Of Certification And Transfer
Type         CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description                        ⎘
Effective Date  05 24 2024 📅

Exit                                          ⓘ

Updated: 06/06/2024 2:46 PM Leyva, Diannia
Created: 05/24/2024 11:47 AM Villa, Cheryl

H~19



20240C03770

**State of Texas vs JUAN CARLOS PRESBI**
Type Adult Misdemeanor

Documents                                      Previous    Next    Search    Get All Documents    Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type   All ▼
Sort   Date Descending ▼    Actions    Export
Show   All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | | Scanned Image | SUBPOENA ISSUED | 2 | 1 | X | |
| 📄 | 05/29/2024 | | Scanned Image | Application Juan Carlos Presbi.pdf | | 1 | X | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name   Order Of Certification And Transfer
Type   CC Scanned Image ▼
Security Group   CC Scanned Image ▼
Description
Effective Date   05/24/2024

Exit   ⓘ

Updated: 06/06/2024 2:46 PM Leyva, Diannia
Created: 05/24/2024 11:57 AM Villa, Cheryl

H~20



H~21



## 20240C03772

**State of Texas vs EMILIORANON TORRES**
Type  Adult Misdemeanor

Documents    Previous  Next    **Search**  Get All Documents    **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All  ▼
Sort  Date Descending  ▼  Actions    Export
Show  All Documents  ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| | 05/29/2024 | | Scanned Image | APPLICATION FOR SUBPOENA | | 1 | X | |
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | X | |
| | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image  ▼
Security Group  CC Scanned Image  ▼
Description
Effective Date  05/24/2024

Exit  i

Updated: 06/06/2024 2:48 PM Leyva, Diannia
Created: 05/24/2024 1:18 PM Villa, Cheryl

H~22



20240C03773

**State of Texas vs JOSE ESTEBAN VALERIANO**
Type Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh |

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending    Actions    Export
Show  All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 06/04/2024 | | Scanned Image | Motion for Disclosure of Impeaching Information | | 2 | x | |
| 📄 | 06/04/2024 | | Scanned Image | Motion to Produce Exculpatory and Mitigating Evidence | | 3 | x | |
| 📄 | 06/04/2024 | | Scanned Image | Motion to List State Witnesses | 1 | 3 | x | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image
Security Group  CC Scanned Image
Description
Effective Date  05/24/2024

Exit  ⓘ

Updated: 06/06/2024 2:39 PM Villa, Cheryl
Created: 05/24/2024 1:25 PM Villa, Cheryl

H~23



## 20240C03775

**State of Texas vs LUIS IGNACIO VASQUEZ**
Type Adult Misdemeanor

**Documents**                                    Search  Get All Documents  **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending    Actions    Export
Show  All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | DOCKETING CERTIFICATE | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/10/2024 | | Task Queue A| | | | 2 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 06/05/2024 | | Task Queue A| | | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue A| | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I| | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I| | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image
Security Group  CC Scanned Image
Description
Effective Date  05/24/2024

Exit                                i

Updated: 06/06/2024 2:39 PM Villa, Cheryl
Created: 05/24/2024 1:30 PM Villa, Cheryl

H~24



☆◁   FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03776

### State of Texas vs CARLOS ALBERTO GIMENEZ
Type  Adult Misdemeanor

**Documents**                                    Previous    Next    **Search**   Get All Documents   **Refresh**

☐ Open in External Viewer          Type  [All ▼]  [ ▼]
☐ Use Default Image Printer        Sort  [Date Descending ▼]  [Actions]  [Export]
                                   Show  [All Documents ▼]

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | | Scanned Image | Application Carlos Alberto Gimenez.pdf | 1 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | 1 | x | |

Modify Document

Name  [Order Of Certification And Transfer]

Type  [CC Scanned Image ▼]

Security Group  [CC Scanned Image ▼]

Description  [                    ]

Effective Date  [05/24/2024] 📅

Exit  ⓘ

Updated: 06/06/2024 2:40 PM Villa, Cheryl
Created: 05/24/2024 1:34 PM Villa, Cheryl

H~25



20240C03777

⊞⊡ **State of Texas vs CRISNER ENRIQUE GONZALEZ**
Type Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh ⊠ |
|---|---|---|---|---|---|---|---|---|

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼   Actions   Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 05/31/2024 | | Scanned Image | STATE S MOTION TO DISCLOSE EXPERT WITNESSES | | 4 | X | |
| 🗎 | 05/30/2024 | | Task Queue Attached PDF | Order Appointing Attorney | | 5 | X | |
| 🗎 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| 🗎 | 05/24/2024 | | CC Scanned I | | | 9 | X | |
| 🗋 | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description  ☐
Effective Date  05/24/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:40 PM Villa, Cheryl
Created: 05/24/2024 1:56 PM Villa, Cheryl

H~26



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

20240C03778

### 🔲🔳 State of Texas vs LUIS EDUARDO GONZALEZ
Type  Adult Misdemeanor

| Documents | | | Search | Get All Documents | Refresh 🔍 |
|---|---|---|---|---|---|

|  | Type | All | ▼ |  | ▼ |
| Open in External Viewer | Sort | Date Descending | ▼ | Actions | Export |
| Use Default Image Printer | Show | All Documents | ▼ | | |

|  | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | DOCKETING CERTIFICATE | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/10/2024 | | Scanned Imag | | | 2 | x | |
| 📄 | 05/30/2024 | | Task Queue A | | | 5 | x | |
| 📄 | 05/27/2024 | | Scanned Imag | | | 2 | x | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

| | |
|---|---|
| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | 📝 |
| Effective Date | 05/24/2024 📅 |

Exit ⓘ

Updated: 06/06/2024 2:42 PM Villa, Cheryl
Created: 05/24/2024 2:02 PM Villa, Cheryl

H~27



20240C03779

**State of Texas vs ELIGIO JOSE HERNANDEZ**
Type Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|---|---|---|

Type   All ▼
☐ Open in External Viewer                      Sort   Date Descending ▼   Actions   Export
☐ Use Default Image Printer                    Show   All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/30/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name   Order Of Certification And Transfer

Type   CC Scanned Image ▼

Security Group   CC Scanned Image ▼

Description

Effective Date   05/24/2024 📅

Exit   ⓘ

Updated: 06/06/2024 2:42 PM Villa, Cheryl
Created: 05/24/2024 2:07 PM Villa, Cheryl

H~28



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03781

### State of Texas vs JELKEL MICHEL HERNANDEZ
Type Adult Misdemeanor

| | | | | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|---|---|---|

Open in External Viewer
Use Default Image Printer

Type: All
Sort: Date Descending
Show: All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | X | |
| | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image
Security Group  CC Scanned Image
Description
Effective Date  05 24 2024

Exit

Updated: 06/06/2024 2:44 PM Villa, Cheryl
Created: 05/24/2024 2:11 PM Villa, Cheryl

H~29



20240C03782

**State of Texas vs KEVIN JOSE IRIARTE**
Type  Adult Misdemeanor

| Documents | Previous | Next | Search | Get All Documents | Refresh |

| Type | All | ▼ | | ▼ |
| Sort | Date Descending ▼ | Actions | Export |
| Show | All Documents ▼ |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

| Name | CC7 Discovery & Pre-Trial Order |
| Type | Task Queue Attached PDF ▼ |
| Security Group | Task Queue Attached PDF ▼ |
| Description | |
| Effective Date | 05 24 2024 📅 |

Exit                    i

Updated: 05/24/2024 2:23 PM Villa, Cheryl
Created: 05/24/2024 2:22 PM Villa, Cheryl

H~30





20240C03787

**State of Texas vs FAUSTO ROMARIO JIMENEZ**
Type  Adult Misdemeanor

|                                                                   |          |                    |
|-------------------------------------------------------------------|----------|--------------------|
| **Documents**                    Previous   Next   **Search**  Get All Documents  **Refresh** |          |                    |
| ☐ Open in External Viewer                                         | Type     | All            ▼                ▼ |
| ☐ Use Default Image Printer                                       | Sort     | Date Descending ▼   Actions   Export |
|                                                                   | Show     | All Documents  ▼   |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | | Scanned Image | APPLICATION FOR SUBPOENA | | 1 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

| | |
|---|---|
| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | 📝 |
| Effective Date | 05/24/2024 📅 |

Exit   ⓘ

Updated: 06/06/2024 2:46 PM Villa, Cheryl
Created: 05/24/2024 2:33 PM Villa, Cheryl

H~32



20240C03789

🔲🔲 **State of Texas vs ANGEL GABRIEL MACHADO**
Type  Adult Misdemeanor

**Documents**                                    Search  Get All Documents  **Refresh**  🔍

☐ Open in External Viewer                Type   All                    ▼                        ▼
☐ Use Default Image Printer              Sort   Date Descending  ▼      Actions           Export
                                         Show   All Documents       ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | X | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | DOCKETING CERTIFICATE | | 1 | X | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | X | |
| 📄 | 06/10/2024 | | Task Queue A | | | 2 | X | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image                    ▼

Security Group  CC Scanned Image          ▼

Description  [                    ]  📝

Effective Date  05/24/2024  📅

Exit                          ⓘ

Updated: 06/06/2024 2:47 PM Villa, Cheryl
Created: 05/24/2024 2:37 PM Villa, Cheryl

H~33



20240C03792

**State of Texas vs RODRIGO ANDRES MARTINEZ**
Type  Adult Misdemeanor

| Documents | | | Previous | Next | Search | Get All Documents | Refresh |

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼     Actions     Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 06/03/2024 | | Scanned Image | MOTION TO REDUCE BOND | | 3 | x | |
| 📄 | 05/30/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description  _____ ✎
Effective Date  05/24/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:47 PM Villa, Cheryl
Created: 05/24/2024 2:41 PM Villa, Cheryl

H~34



☆◁   FINANCIAL   PROT. ORDERS   WARRANTS   BONDS   EXHIBITS   **DOCUMENTS**   CJIS   APPEALS   APPOINTMENTS ▷

### 20240C03795

**State of Texas vs ELISAUL ISMITH MENDEZ**
Type Adult Misdemeanor

| | | Previous | Next | Search | Get All Documents | Refresh |

Open in External Viewer
Use Default Image Printer

| | Type | All ▼ | | ▼ |
| | Sort | Date Descending ▼ | Actions | Export |
| | Show | All Documents ▼ | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

| | |
|---|---|
| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | |
| Effective Date | 05/24/2024 📅 |

Exit                    ℹ

Updated: 06/06/2024 2:49 PM Villa, Cheryl
Created: 05/24/2024 2:45 PM Villa, Cheryl

H~35



20240C03797

**State of Texas vs EZER ANTONIO MONTIEL**
Type Adult Misdemeanor

|  | Previous  Next |  | Search  Get All Documents  Refresh |
|---|---|---|---|

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼   Actions
Show  All Documents ▼   Export

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description
Effective Date  05 24 2024 📅

Exit                    ⓘ

Updated: 06/06/2024 2:49 PM Villa, Cheryl
Created: 05/24/2024 2:51 PM Villa, Cheryl

H~36



**20240C03799**

▣⬙ **State of Texas vs LUIS JOSE MORA**
Type  Adult Misdemeanor

**Documents**                                      Previous    Next    **Search**  Get All Documents  **Refresh**  ⌺

☐ Open in External Viewer
☐ Use Default Image Printer

| Type | All ▼ | | ▼ |
| Sort | Date Descending ▼ | Actions | Export |
| Show | All Documents ▼ | | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/30/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| ⛏ | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

| Name | Order Of Certification And Transfer |
| Type | CC Scanned Image ▼ |
| Security Group | CC Scanned Image ▼ |
| Description | 📝 |
| Effective Date | 05/24/2024 📅 |

Exit                                    i

Updated: 06/06/2024 2:51 PM Villa, Cheryl
Created: 05/24/2024 2:58 PM Villa, Cheryl

H~37



20240C03801

**State of Texas vs ULISES JOSE OLIVEROS**
Type  Adult Misdemeanor

| | | | Previous | Next | | Search | Get All Documents | Refresh | |

Type  | All ▼ | | ▼ |
Sort  | Date Descending ▼ | Actions | Export |
Show  | All Documents ▼ |

☐ Open in External Viewer
☐ Use Default Image Printer

| | Date | OCR | Type | Name | | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|---|
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | | 9 | X | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | | 1 | X | |
| 📄 | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | | 1 | X | |

Modify Document                                    ×

Name        Order Of Certification And Transfer
Type        CC Scanned Image              ▼
Security Group  CC Scanned Image          ▼
Description                                ▤
Effective Date  05 24 2024   📅

Exit                                    ⓘ

Updated: 06/06/2024 2:51 PM Villa, Cheryl
Created: 05/24/2024 3:10 PM Villa, Cheryl

H~38



20240C03807

**State of Texas vs JOSE SNEYDER ORDONEZ**
Type  Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh |

☐ Open in External Viewer
☐ Use Default Image Printer

Type | All ▼
Sort | Date Descending ▼  | Actions | Export
Show | All Documents ▼

| | Date | OCR Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | Scanned Image | SUBPOENA DUCES TECUM ISSUED/SERVER NOT SPECI | 2 | 1 | X | |
| 📄 | 05/29/2024 | Scanned Image | APPLICATION FOR SUBPOENA DUCES TECUM | | 1 | X | |
| 📄 | 05/24/2024 | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| 📄 | 05/24/2024 | CC Scanned I | | | 9 | X | |
| 📄 | 05/24/2024 | CC Scanned I | | | 1 | X | |

Modify Document

Name | Order Of Certification And Transfer
Type | CC Scanned Image ▼
Security Group | CC Scanned Image ▼
Description | ✎
Effective Date | 05/24/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:50 PM Leyva, Diannia
Created: 05/24/2024 3:34 PM Villa, Cheryl

H~39



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03811

**State of Texas vs LUIS FERNANDO ORTIZ**
Type Adult Misdemeanor

| Documents | | | | Previous | Next | Search | Get All Documents | Refresh |

Type | All
Sort | Date Descending | Actions | Export
Show | All Documents

☐ Open in External Viewer
☐ Use Default Image Printer

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|------|-----|------|------|---------|-----|------|---|
| 📄 | 05/29/2024 | | Scanned Image | SUBPOENA ISSUED | 2 | 1 | x | |
| 📄 | 05/29/2024 | | Scanned Image | APPLICATION FOR SUBPOENA | | 1 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

**Modify Document**

Name | Order Of Certification And Transfer
Type | CC Scanned Image
Security Group | CC Scanned Image
Description |
Effective Date |

Exit   ⓘ

Updated: 06/06/2024 2:51 PM Leyva, Diannia
Created: 05/24/2024 3:50 PM Villa, Cheryl



☆◁ FINANCIAL   PROT. ORDERS   WARRANTS   BONDS   EXHIBITS   **DOCUMENTS**   CJIS   APPEALS   APPOINTMENTS ▷

## 20240C03813

### State of Texas vs ELEAZAR ISAAC PACHECO
Type Adult Misdemeanor

**Documents**                                              Search  Get All Documents   Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending
Show  All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ➕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/10/2024 | | Task Queue A | | | 2 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 05/30/2024 | | Task Queue A | | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image

Security Group  CC Scanned Image

Description

Effective Date  05/24/2024

Exit   ⓘ

Updated: 06/06/2024 2:52 PM Leyva, Diannia
Created: 05/24/2024 3:54 PM Villa, Cheryl

H~41



20240C03815

**State of Texas vs HEIDER JEFRED PALACIOS**
Type Adult Misdemeanor

Documents                    Previous   Next    **Search**  Get All Documents  **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▼
Sort  Date Descending ▼   Actions   Export
Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 🗎 | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description  ✏
Effective Date  05/24/2024 📅

Exit  ⓘ

Updated: 06/06/2024 2:53 PM Leyva, Diannia
Created: 05/24/2024 3:58 PM Villa, Cheryl

H~42





☆◁ FINANCIAL  PROT. ORDERS  WARRANTS  BONDS  EXHIBITS  **DOCUMENTS**  CJIS  APPEALS  APPOINTMENTS ▷

## 20240C03817

### State of Texas vs JOSE DARIO PAZ
Type Adult Misdemeanor

Search  Get All Documents  Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending  Actions  Export
Show  All Documents

| | Date | OCR Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|
| | 07/08/2024 | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| | 07/02/2024 | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| | 06/28/2024 | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| | 06/10/2024 | Task Queue A | | | 2 | x | |
| | 06/06/2024 | Scanned Imag | | | 1 | x | |
| | 05/30/2024 | Task Queue A | | | 5 | x | |
| | 05/24/2024 | CC Scanned I | | | 9 | x | |
| | 05/24/2024 | Task Queue A | | | 1 | x | |
| | 05/24/2024 | CC Scanned I | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer

Type  CC Scanned Image

Security Group  CC Scanned Image

Description

Effective Date  05 24 2024

Exit

Updated: 06/06/2024 2:54 PM Leyva, Diannia
Created: 05/24/2024 4:20 PM Villa, Cheryl

H~44



20240C03818

🔲🔲 **State of Texas vs DANIEL ALEXANDER PEREIRA**
Type  Adult Misdemeanor

| Documents | | | | **Previous** Next | **Search** Get All Documents | **Refresh** 🖨 |
|---|---|---|---|---|---|---|

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All ▾
Sort  Date Descending ▾   Actions   Export
Show  All Documents ▾

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | | Scanned Image | APPLICATION FOR SUBPOENA DUCES TECUM | | 1 | x | |
| 📄 | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name  Order Of Certification And Transfer
Type  CC Scanned Image  ▾
Security Group  CC Scanned Image  ▾
Description  _____  ⊵
Effective Date  05/24/2024  📅

Exit  ⓘ

Updated: 06/06/2024 2:55 PM Leyva, Diannia
Created: 05/24/2024 4:23 PM Villa, Cheryl

H~45



☆◁ FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03819

### State of Texas vs ANGELO MOISES POLANCO
Type Adult Misdemeanor

| | Documents | | | | Previous | **Next** | **Search** | Get All Documents | **Refresh** | |

☐ Open in External Viewer
☐ Use Default Image Printer

Type | All ▼ | | ▼
Sort | Date Descending ▼ | Actions | Export
Show | All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|------|-----|------|------|---------|-----|------|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 07/02/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/10/2024 | | Task Queue A | | | 2 | x | |
| 📄 | 06/06/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 05/31/2024 | | Task Queue A | | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |

Modify Document

Name | Order Of Certification And Transfer
Type | CC Scanned Image ▼
Security Group | CC Scanned Image ▼
Description | 📝
Effective Date | 05 24 2024 🗓

Exit    ⓘ

Updated: 06/06/2024 2:50 PM Romero, Jessica
Created: 05/24/2024 4:26 PM Villa, Cheryl

H~46



☆◁  FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

## 20240C03820

### State of Texas vs ANGEL EDUARDO QUINTERO
Type  Adult Misdemeanor

|  | Previous | Next | Search | Get All Documents | Refresh |
|---|---|---|---|---|---|

Type  All ▼

☐ Open in External Viewer        Sort  Date Descending ▼

☐ Use Default Image Printer      Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/31/2024 | | Scanned Image | REQUEST FOR NOTICE OF EXTRANEOUS OFFENSES OR | | 3 | X | |
| 📄 | 05/31/2024 | | Scanned Image | OBJECTION TO CERTIFICATE OF ANALYSIS AS EVIDENC | | 2 | X | |
| 📄 | 05/29/2024 | | Scanned Image | Subpoena ISSUED | 2 | 1 | X | |
| 📄 | 05/29/2024 | | Scanned Imag | | | 1 | X | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | X | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name   Order Of Certification And Transfer

Type   CC Scanned Image ▼

Security Group   CC Scanned Image ▼

Description

Effective Date  05/24/2024 📅

Exit   ⓘ

Updated: 06/06/2024 2:50 PM Romero, Jessica
Created: 05/24/2024 4:30 PM Villa, Cheryl

H~47



20240C03821

**State of Texas vs SEBASTIAN ANDRES QUINTERO**
Type Adult Misdemeanor

Search  Get All Documents  Refresh

| | Type | All | ▼ | | ▼ |
| ☐ Open in External Viewer | Sort | Date Descending ▼ | Actions | Export |
| ☐ Use Default Image Printer | Show | All Documents ▼ | | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | + |
|---|---|---|---|---|---|---|---|---|
| 🗎 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 🗎 | 07/02/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| 🗎 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 🗎 | 06/10/2024 | | Task Queue A | | | 2 | x | |
| 🗎 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 🗎 | 05/31/2024 | | Task Queue A | | | 5 | x | |
| 🗎 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 🗎 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 🗎 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name     Order In Certification And Transfer
Type     CC Scanned Image ▼
Security Group     CC Scanned Image ▼
Description     ▤
Effective Date     05/24/2024 📅

Exit     ⓘ

Updated: 06/06/2024 2:54 PM Romero, Jessica
Created: 05/24/2024 4:33 PM Villa, Cheryl

H~48



### 20240C03822

**State of Texas vs MELVIN ISMAEL ZURITA**
Type Adult Misdemeanor

| Documents | Search Get All Documents Refresh |
|---|---|

☐ Open in External Viewer
☐ Use Default Image Printer

Type   All ▼
Sort   Date Descending ▼   Actions   Export
Show   All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/09/2024 | | Task Queue Attached PDF | MOTION/ORDER TO DISMISS | | 2 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 06/05/2024 | | Task Queue At | | | 5 | x | |
| 📄 | 05/24/2024 | | Task Queue At | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name   Order Of Certification And Transfer

Type   CC Scanned Image ▼

Security Group   CC Scanned Image ▼

Description

Effective Date   05/24/2024 📅

Exit   ⓘ

Updated: 06/06/2024 2:55 PM Romero, Jessica
Created: 05/24/2024 4:37 PM Villa, Cheryl



☆◁   FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS  ▷

20240C03823

**State of Texas vs DEIKER DAVID RAMIREZ**
Type  Adult Misdemeanor

Documents                                                    **Previous**    Next    **Search**    Get All Documents    **Refresh**

☐ Open in External Viewer
☐ Use Default Image Printer

Type  | All
Sort  | Date Descending | Actions | Export
Show  | All Documents

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| | 05/31/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name          Order Of Certification And Transfer
Type          CC Scanned Image
Security Group  CC Scanned Image
Description
Effective Date  05/24/2024

E̲xit

Updated: 06/06/2024 2:56 PM Romero, Jessica
Created: 05/24/2024 4:41 PM Villa, Cheryl

H~50



20240C03824

**State of Texas vs JOSUE RAFAEL ROMERO**
Type Adult Misdemeanor

Documents                                         Previous    Next    Search    Get All Documents    Refresh

☐ Open in External Viewer        Type  All ▼
☐ Use Default Image Printer       Sort  Date Descending ▼    Actions    Export
                                  Show  All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | |
|---|---|---|---|---|---|---|---|---|
| | 05/29/2024 | | Scanned Image | APPLICATION FOR SUBPOENA | | 1 | X | |
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | X | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | X | |
| | 05/24/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name        Order Of Certification And Transfer
Type        CC Scanned Image ▼
Security Group  CC Scanned Image ▼
Description  
Effective Date  05/24/2024

Exit

Updated: 06/06/2024 2:57 PM Romero, Jessica
Created: 05/24/2024 4:44 PM Villa, Cheryl

H~51



☆◁ FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

20240C03825

**State of Texas vs RAMON HEBERTO RUIZ**
Type Adult Misdemeanor

Documents      **Previous**    Next    **Search**    Get All Documents    **Refresh** 🖳

☐ Open in External Viewer
☐ Use Default Image Printer

Type | All ▼
Sort | Date Descending ▼    Actions    Export
Show | All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 05/29/2024 | | Task Queue Attached PDF | COJ-Order Appointing | | 5 | x | |
| 📄 | 05/28/2024 | | Scanned Image | Motion to Reduce Bond | | 1 | x | |
| 📄 | 05/28/2024 | | Scanned Image | Order on Motion to Reduce Bond.pdf | | 1 | x | |
| 📄 | 05/24/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name | Order Of Certification And Transfer
Type | CC Scanned Image ▼
Security Group | CC Scanned Image ▼
Description | ✎
Effective Date | 05/24/2024 🗓

Exit    ⓘ

Updated: 06/06/2024 2:58 PM Romero, Jessica
Created: 05/24/2024 4:47 PM Villa, Cheryl

H~52



20240C03826

**State of Texas vs ENDERSON JOSE SILVA**
Type Adult Misdemeanor

Previous   Next    **Search**   Get All Documents   **Refresh**

| | Type | All ▼ | | ▼ |

☐ Open in External Viewer
☐ Use Default Image Printer

Sort | Date Descending ▼ | Actions | Export
Show | All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊞ |
|---|---|---|---|---|---|---|---|---|
| | 05/24/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | | 1 | x | |
| | 05/24/2024 | | CC Scanned Image | Order Of Certification And Transfer | | 9 | x | |
| | 05/24/2024 | | CC Scanned Image | Indictment (OCA) | | 1 | x | |

Modify Document

Name   Order Of Certification And Transfer

Type   CC Scanned Image ▼

Security Group   CC Scanned Image ▼

Description   [ ]

Effective Date   05/24/2024 📅

Exit    ⓘ

Updated: 06/06/2024 2:52 PM Villa, Cheryl
Created: 05/24/2024 4:51 PM Villa, Cheryl

H~53



☆◁ FINANCIAL    PROT. ORDERS    WARRANTS    BONDS    EXHIBITS    **DOCUMENTS**    CJIS    APPEALS    APPOINTMENTS ▷

20240C03827

**State of Texas vs JOSE ANTONIO TORRELLES**
Type Adult Misdemeanor

| | | Search | Get All Documents | Refresh |

☐ Open in External Viewer
☐ Use Default Image Printer

Type    All ▼
Sort    Date Descending ▼    Actions    Export
Show    All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| | 07/01/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| | 06/10/2024 | | Task Queue A | | | 2 | x | |
| | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| | 06/05/2024 | | Task Queue A | | | 5 | x | |
| | 05/24/2024 | | Task Queue A | | | 1 | x | |
| | 05/24/2024 | | CC Scanned I | | | 9 | x | |
| | 05/24/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name    Order Of Certification And Transfer

Type    CC Scanned Image ▼

Security Group    CC Scanned Image ▼

Description

Effective Date    05/24/2024

Exit    ⓘ

Updated: 06/06/2024 2:52 PM Villa, Cheryl
Created: 05/24/2024 4:57 PM Villa, Cheryl

H~54



20240C03828

☐☐ **State of Texas vs ELVIS STEFANO TORRES**
Type Adult Misdemeanor

Documents                                        Previous    **Next**    Sea**r**ch    Get All Documents    **Refresh** 🖨

☐ Open in External Viewer
☐ Use Default Image Printer

| | Type | All | ▼ | | ▼ |
| --- | --- | --- | --- | --- | --- |
| | Sort | Date Descending | ▼ | Actions | Export |
| | Show | All Documents | ▼ | | |

| | Date | OCR | Type | Name | Index # | Pgs | Mark | + |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 📄 | 07/08/2024 | | Task Queue Attached PDF | LETTER FROM COURT OF APPEALS | | 3 | x | |
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | x | |
| 📄 | 07/01/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Imag | | 1 | 2 | x | |
| 📄 | 06/10/2024 | | Task Queue At | | | 2 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 06/05/2024 | | Task Queue At | | | 5 | x | |
| 📄 | 05/28/2024 | | Task Queue At | | | 1 | x | |
| 📄 | 05/28/2024 | | CC Scanned I | | | 9 | x | |

Modify Document

Name    Order Of Certification And Transfer

Type    CC Scanned Image                      ▼

Security Group    CC Scanned Image            ▼

Description                                   ✎

Effective Date    05/28/2024    📅

Exit                                    ⓘ

Updated: 06/06/2024 2:53 PM Villa, Cheryl
Created: 05/28/2024 8:11 AM Villa, Cheryl

H~55



20240C03829

### State of Texas vs ALDAIR MILLER VALENXIA
Type Adult Misdemeanor

Previous   Next   Search   Get All Documents   Refresh

☐ Open in External Viewer
☐ Use Default Image Printer

Type  All
Sort  Date Descending   Actions   Export
Show  All Documents

| Date | OCR | Type | Name | Index # | Pgs | Mark |
|------|-----|------|------|---------|-----|------|
| 05/28/2024 | | Task Queue Attached PDF | CC7 Discovery & Pre-Trial Order | 1 | | x |
| 05/28/2024 | | CC Scanned Image | Order Of Certification And Transfer | 9 | | x |
| 05/28/2024 | | CC Scanned Image | Indictment (OCA) | 1 | | x |

Modify Document

Name      Order Of Certification And Transfer

Type      CC Scanned Image

Security Group   CC Scanned Image

Description

Effective Date   05/28/2024

Exit

Updated: 06/06/2024 2:54 PM Villa, Cheryl
Created: 05/28/2024 8:16 AM Villa, Cheryl

H~56

20240C03830

**State of Texas vs JULIO ENRIQUE VEGA**
Type  Adult Misdemeanor



| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | Letter from Court of Appeals | | 3 | X | |
| 📄 | 07/01/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | X | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | X | |
| 📄 | 06/10/2024 | | Task Queue A | | | 2 | X | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | X | |
| 📄 | 06/05/2024 | | Task Queue A | | | 5 | X | |
| 📄 | 05/28/2024 | | Task Queue A | | | 1 | X | |
| 📄 | 05/28/2024 | | CC Scanned I | | | 9 | X | |
| 📄 | 05/28/2024 | | CC Scanned I | | | 1 | X | |

Modify Document

Name   Order Of Certification And Transfe

Type   CC Scanned Image ▼

Security Group   CC Scanned Image ▼

Description

Effective Date   05/28/2024

Exit

Updated: 06/06/2024 2:55 PM Villa, Cheryl
Created: 05/28/2024 8:20 AM Villa, Cheryl

H~57



20240C03832

### State of Texas vs JOSBEIKER JOSE VILORIA
Type Adult Misdemeanor

| | Search | Get All Documents | Refresh |
|---|---|---|---|

Type | All | ▼ | | ▼

☐ Open in External Viewer
☐ Use Default Image Printer

Sort | Date Descending ▼ | Actions | Export
Show | All Documents ▼

| | Date | OCR | Type | Name | Index # | Pgs | Mark | ⊕ |
|---|---|---|---|---|---|---|---|---|
| 📄 | 07/08/2024 | | Task Queue Attached PDF | LETTER FROM COURT OF APPEALS | | 3 | x | |
| 📄 | 07/01/2024 | | Task Queue Attached PDF | Docketing Certificate | | 1 | x | |
| 📄 | 06/28/2024 | | Scanned Image | STATE'S NOTICE OF APPEAL | 1 | 2 | x | |
| 📄 | 06/11/2024 | | Task Queue A | | | 2 | x | |
| 📄 | 06/06/2024 | | Scanned Imag | | | 1 | x | |
| 📄 | 06/05/2024 | | Task Queue A | | | 5 | x | |
| 📄 | 05/28/2024 | | Task Queue A | | | 1 | x | |
| 📄 | 05/28/2024 | | CC Scanned I | | | 9 | x | |
| 📄 | 05/28/2024 | | CC Scanned I | | | 1 | x | |

Modify Document

Name | Order Of Certification And Transfer
Type | CC Scanned Image ▼
Security Group | CC Scanned Image ▼
Description | 
Effective Date | 05/28/2024 📅

Exit   ⓘ

Updated: 06/06/2024 2:56 PM Villa, Cheryl
Created: 05/28/2024 8:27 AM Villa, Cheryl

EXHIBIT I

Filed 7/10/2024 11:38 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                              CAUSE NO.  20240C03711

VICTOR MANUEL ESCALANTE

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8.    Any orders appointing any attorneys in the instant cause.

9.    All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.   The State's Notice of Appeal, filed on June 28, 2024.

11.   This Designation of Clerk's Record on Appeal.

12.   The State's letter to the Clerk requesting the Clerk's record.

13.   The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~2

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

I~3

Filed 7/10/2024 12:22 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03712

ROBERTO ALONZO GARCIA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

**PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~5

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~6

Filed 7/10/2024 12:58 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03713

LUIS ANGEL GONZALEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

-1-

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~8

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.   20240C03725

EMILIO JOSE HENRIQUEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~10

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

—3—

I~12

Filed 7/10/2024 1:31 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03728

OSCAR ALBINO MARIN

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

-1-

I~13

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

**<u>PRAYER</u>**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to    Joseph

Vasquez   jvasquez@josephvasquezlaw.com   and   the   Public   Defender

(pdnotices@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

I~15

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03731

PIN YHONSON MARTINEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

—1—

I~16

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

### PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the

foregoing State's Designation of Clerk's Record on Appeal was submitted to the

County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to

Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com),

Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

Filed 7/11/2024 2:43 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                           CAUSE NO.   20240C03734

CARLOS OSMIN MEJIA

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~19

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                            CAUSE NO.   20240C03737

ALDEMARO RAIAEL PEREZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~22

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Veronica Lerma (vtlermalaw@gmail.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~24

Filed 7/11/2024 9:02 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03741

ASAEL DANIEL POLANCO

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~27

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| THE STATE OF TEXAS | |
| V. | CAUSE NO. 20240C03742 |
| JONATHAN JOHAO QUINONEZ | |

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~28

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~29

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE


**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Leonard

Morales (leonard@moraleslaw.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                          CAUSE NO.   20240C03743

DIEGO JESUS RIVAS

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud

LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Daniel Robledo (expertlaw@hotmail.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud

LILY STROUD

—3—

I~33

Filed 7/11/2024 9:55 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03747

GUSTAVO ANDRES ROBLES

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~34

8.    Any orders appointing any attorneys in the instant cause.

9.    All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.   The State's Notice of Appeal, filed on June 28, 2024.

11.   This Designation of Clerk's Record on Appeal.

12.   The State's letter to the Clerk requesting the Clerk's record.

13.   The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~35

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Roger Montoya (roger_montoya@live.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 10:00 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CRISTIAN EDUARDO RODRIGUEZ

CAUSE NO. 20240C03748

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~37

8.    Any orders appointing any attorneys in the instant cause.

9.    All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.    The State's Notice of Appeal, filed on June 28, 2024.

11.    This Designation of Clerk's Record on Appeal.

12.    The State's letter to the Clerk requesting the Clerk's record.

13.    The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Arif Abrar (arif@theavlawyer.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 10:08 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                              CAUSE NO.   20240C03752

CARLOS ANDRES RUBIO

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~40

8.     Any orders appointing any attorneys in the instant cause.

9.     All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.    The State's Notice of Appeal, filed on June 28, 2024.

11.    This Designation of Clerk's Record on Appeal.

12.    The State's letter to the Clerk requesting the Clerk's record.

13.    The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys

for the defendant.

/s/Lily Stroud
_____
LILY STROUD

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03754

LENIN ANTON SUAREZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~43

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud

LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Felix

Saldivar (fsaldivar1956@yahoo.com) and Kelli Childress, El Paso County Public

Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~45

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03755

RAFAEL ANGEL GONZALEZ FERNANDEZ

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~46

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Araceli Solis (melissalawoffice@yahoo.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~48

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                          CAUSE NO.  20240C03756

MIGUEL ANGEL GARCIA

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.   All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.   The indictment dated May 23, 2024.

3.   The trial court's docket sheet and/or any record of docket entries.

4.   The Defendant's Plea to the Jurisdiction, if any was filed.

5.   The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.   The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.   The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~49

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~50

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Gerald A. Georges Jr. (geraldgeorgesjr@gmail.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~51

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03757

OMAR RAFAEL GONZALEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I-52

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~53

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

—3—

Filed 7/11/2024 1:29 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03769

EYLER ROLL MOREJON

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~55

8.     Any orders appointing any attorneys in the instant cause.

9.     All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.    The State's Notice of Appeal, filed on June 28, 2024.

11.    This Designation of Clerk's Record on Appeal.

12.    The State's letter to the Clerk requesting the Clerk's record.

13.    The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorney

for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~57

Filed 7/10/2024 1:02 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

JUAN CARLOS PRESBI

CAUSE NO. 20240C03770

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

—1—

**I~58**

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~59

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03771

YORDAN JESUS QUINTERO

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~61

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~62

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~63

Filed 7/10/2024 3:40 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                           CAUSE NO.  20240C03772

EMILIORANON TORRES

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~64

8.     Any orders appointing any attorneys in the instant cause.

9.     All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.     The State's Notice of Appeal, filed on June 28, 2024.

11.     This Designation of Clerk's Record on Appeal.

12.     The State's letter to the Clerk requesting the Clerk's record.

13.     The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

I~65

/s/ Lily Stroud _____

LILY STROUD

ASST. DISTRICT ATTORNEY

201 EL PASO COUNTY COURTHOUSE

500 E. SAN ANTONIO

EL PASO, TEXAS 79901

(915) 546-2059 ext. 6309

FAX (915) 533-5520

EMAIL lstroud@epcounty.com

SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to the Public

Defender (pdnotices@epcounty.com), Attorney for the defendant.

/s/Lily Stroud _____

LILY STROUD

–3–

Filed 7/10/2024 5:26 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.   20240C03773

JOSE ESTEBAN VALERIANO

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~67

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~68

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Manny

Parra (office@parralaw.com) and El Paso County Public Defender Kelli Childress

(Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.   20240C03775

LUIS IGNACIO VASQUEZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.      All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.      The indictment dated May 23, 2024.

3.      The trial court's docket sheet and/or any record of docket entries.

4.      The Defendant's Plea to the Jurisdiction, if any was filed.

5.      The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.      The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.      The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~70

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Justin

Underwood (reception@wutrial.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 4:41 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                              CAUSE NO.   20240C03776

CARLOS ALBERTO GIMENEZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~73

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34<sup>th</sup> JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
_____
LILY STROUD

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.   20240C03777

CRISNER ENRIQUE GONZALEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~76

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~77

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Leonard

Morales (leonard@moraleslaw.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 11:05 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| THE STATE OF TEXAS | |
| V. | CAUSE NO. 20240C03778 |
| LUIS EDUARDO GONZALEZ | |

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~79

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

**PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Anthony

Gonzales (agonzales10@elp.rr.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                  CAUSE NO.   20240C03779

ELIGIO JOSE HERNANDEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.      All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.      The indictment dated May 23, 2024.

3.      The trial court's docket sheet and/or any record of docket entries.

4.      The Defendant's Plea to the Jurisdiction, if any was filed.

5.      The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.      The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.      The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~82

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Joseph

Vasquez (jvasquez@josephvasquezlaw.com) and El Paso County Public Defender

Kelli Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~84

Filed 7/11/2024 12:00 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                CAUSE NO.  20240C03781

JELKEL MICHEL HERNANDEZ

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~85

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34<sup>th</sup> JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE


## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Daniel

Robledo (Expertlaw@hotmail.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 12:18 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                    CAUSE NO.   20240C03782

KEVIN JOSE IRIARTE

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

I~88

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
_____
LILY STROUD

Filed 7/11/2024 12:46 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.  20240C03785

DARWIN RAMON JIMENEZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.   All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.   The indictment dated May 23, 2024.

3.   The trial court's docket sheet and/or any record of docket entries.

4.   The Defendant's Plea to the Jurisdiction, if any was filed.

5.   The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.   The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.   The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.   The State's Notice of Appeal, filed on June 28, 2024.

11.   This Designation of Clerk's Record on Appeal.

12.   The State's letter to the Clerk requesting the Clerk's record.

13.   The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 1:54 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                    CAUSE NO.  20240C03787

FAUSTO ROMARIO JIMENEZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.   All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.   The indictment dated May 23, 2024.

3.   The trial court's docket sheet and/or any record of docket entries.

4.   The Defendant's Plea to the Jurisdiction, if any was filed.

5.   The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.   The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.   The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~94

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

−2−

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

Filed 7/11/2024 1:16 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

ANGEL GABRIEL MACHADO

CAUSE NO. 20240C03789

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

Filed 7/11/2024 2:09 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                          CAUSE NO.   20240C03792

RODRIGO ANDRES MARTINEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

**I~100**

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Veronica

Lerma (vtlermalaw@gmail.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 2:22 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.  20240C03795

ELISAUL ISMITH MENDEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

**I~103**

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34<sup>th</sup> JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

—3—

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03797

EZER ANTONIO MONTIEL

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~106

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 2:58 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.   20240C03799

LUIS JOSE MORA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~109

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Joseph

Vasquez (jvasquez@josephvasquezlaw.com) and El Paso County Public Defender

Kelli Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

Filed 7/11/2024 3:10 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                CAUSE NO.   20240C03801

ULISES JOSE OLIVEROS

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~112

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/10/2024 4:51 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                        CAUSE NO.   20240C03807

JOSE SNEYDER ORDONEZ

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

**I~115**

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34<sup>th</sup> JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the Defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

I~117

Filed 7/10/2024 5:03 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                      CAUSE NO.   20240C03811

LUIS FERNANDO ORTIZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.   All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.   The indictment dated May 23, 2024.

3.   The trial court's docket sheet and/or any record of docket entries.

4.   The Defendant's Plea to the Jurisdiction, if any was filed.

5.   The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.   The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.   The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 10:15 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

ELEAZAR ISAAC PACHECO

CAUSE NO. 20240C03813

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~121

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~122

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Fernando Chacon, at (attorney.fchacon@yahoo.com) Attorneys for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

I~123

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03815

HEIDER JEFRED PALACIOS

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~124

8.    Any orders appointing any attorneys in the instant cause.

9.    All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.   The State's Notice of Appeal, filed on June 28, 2024.

11.   This Designation of Clerk's Record on Appeal.

12.   The State's letter to the Clerk requesting the Clerk's record.

13.   The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~125

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and Jose

Troche, at (josejudge@aol.com) Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                          CAUSE NO. 20240C03816

WILSON SALVADO PALENCIA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~127

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Jesus Olivas, (olivasjlaw@gmail.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 11:49 AM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.  20240C03817

JOSE DARIO PAZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~130

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Roger Montoya, at (Roger_Montoya@live.com), Attorneys for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                              CAUSE NO.   20240C03818

DANIEL ALEXANDER PEREIRA

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~133

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
—————————————————
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the defendant.

/s/Lily Stroud
—————————————————
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03819

ANGELO MOISES POLANCO

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~136

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~137

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03820

ANGEL EDUARDO QUINTERO

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~139

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 1:26 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                               CAUSE NO.   20240C03821

SEBASTIAN ANDRES QUINTERO

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~142

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~143

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Anthony Gonzales at (agonzales@agonzales10@elp.rr.com), Attorneys for the

defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

Filed 7/11/2024 2:57 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                               CAUSE NO.   20240C03822

MELVIN ISMAEL ZURITA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~145

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Anthony Gonzales, at (agonzales@agonzales10@10elp.rr.com), Attorneys for the

defendant.

/s/Lily Stroud
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                        CAUSE NO.  20240C03823

DEIKER DAVID RAMIREZ

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~148

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Samantha Rago, at (sragolaw@gmail.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 4:39 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO. 20240C03824

JOSUE RAFAEL ROMERO

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~151

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~152

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com),

Attorney for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.  20240C03825

RAMON HEBERTO RUIZ

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~154

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~155

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
_____
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender, at (kchildress@epcounty.com), and

Peter Escobar, at (escobaroffice_mail@sbcglobal.net), Attorneys for the defendant.

/s/Lily Stroud
_____
LILY STROUD

–3–

Filed 7/11/2024 4:27 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

ENDERSON JOSE SILVA

CAUSE NO. 20240C03826

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

−1−

I~157

8.   Any orders appointing any attorneys in the instant cause.

9.   All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.  The State's Notice of Appeal, filed on June 28, 2024.

11.  This Designation of Clerk's Record on Appeal.

12.  The State's letter to the Clerk requesting the Clerk's record.

13.  The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~158

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~159

Filed 7/12/2024 2:46 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                      CAUSE NO.  20240C03827

JOSE ANTONIO TORRELLES

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~160

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

**PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

I~161

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Araceli

Solis (melissalawoffice@yahoo.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 3:46 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

ELVIS STEFANO TORRES

CAUSE NO. 20240C03828

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Daniel

Anchondo (daniel@anchondolaw.com) and El Paso County Public Defender Kelli

Childress (Kchildress@epcounty.com), Attorneys for the Defendant.

/s/Lily Stroud
LILY STROUD

–3–

Filed 7/11/2024 3:25 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.   20240C03829

ALDAIR MILLER VALENXIA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2. The indictment dated May 23, 2024.

3. The trial court's docket sheet and/or any record of docket entries.

4. The Defendant's Plea to the Jurisdiction, if any was filed.

5. The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6. The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7. The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

**I~166**

8. Any orders appointing any attorneys in the instant cause.

9. All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

**PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

–2–

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to El Paso

County Public Defender Kelli Childress (Kchildress@epcounty.com), Attorney for

the Defendant.

/s/Lily Stroud
LILY STROUD

—3—

I~168

Filed 7/11/2024 3:24 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                    CAUSE NO.  20240C03830

JULIO ENRIQUE VEGA

STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.  All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.  The indictment dated May 23, 2024.

3.  The trial court's docket sheet and/or any record of docket entries.

4.  The Defendant's Plea to the Jurisdiction, if any was filed.

5.  The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.  The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.  The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~169

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make

and prepare as part of the record in the appeal of this cause true and correct copies

of all matters designated above, and make them a part of the Clerk's Record, and

timely deliver the documents designated to the Clerk of the Eighth Court of Appeals

in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud

LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing State's Designation of Clerk's Record on Appeal was submitted to the County Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Gerald Georges (geraldgeorgesjr@gmail.com) and Kelli Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud

LILY STROUD

–3–

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.                                                   CAUSE NO.   20240C03831

LUIS ANTONIO VELASQUEZ

### STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~172

8.  Any orders appointing any attorneys in the instant cause.

9.  All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10. The State's Notice of Appeal, filed on June 28, 2024.

11. This Designation of Clerk's Record on Appeal.

12. The State's letter to the Clerk requesting the Clerk's record.

13. The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## PRAYER

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Kelli

Childress, El Paso County Public Defender (kchildress@epcounty.com), Attorneys

for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

I~174

Filed 7/11/2024 4:23 PM
Delia Briones
County Clerk
El Paso County

IN THE COUNTY COURT AT LAW NUMBER 7
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

V.

CAUSE NO.   20240C03832

JOSBEIKER JOSE VILORIA

## STATE'S DESIGNATION OF CLERK'S RECORD ON APPEAL

COMES NOW, the State of Texas in the above styled and numbered cause and files this Designation of Clerk's Record on Appeal, pursuant to Rule 34.5(b)(1) of the Texas Rules of Appellate Procedure, and requests that the Clerk make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1.    All documents designated by TEX. R. APP. P. 34.5(a) in criminal cases.

2.    The indictment dated May 23, 2024.

3.    The trial court's docket sheet and/or any record of docket entries.

4.    The Defendant's Plea to the Jurisdiction, if any was filed.

5.    The State's response to Defendant's Plea to the Jurisdiction, if any was filed.

6.    The Order of Certification and Transfer, signed on May 21, 2024, and filed on May 21, 2024.

7.    The trial court's Order Dismissing Indictment, signed on June 9, 2024, and filed on June 9, 2024.

–1–

I~175

8.     Any orders appointing any attorneys in the instant cause.

9.     All other pleadings and motions filed by the defendant and by the State, and the rulings of the trial court thereon.

10.    The State's Notice of Appeal, filed on June 28, 2024.

11.    This Designation of Clerk's Record on Appeal.

12.    The State's letter to the Clerk requesting the Clerk's record.

13.    The State's letter to the Court Reporter requesting the Reporter's Record, if any is filed.

## **PRAYER**

WHEREFORE, the State respectfully prays that the Clerk of this Court make and prepare as part of the record in the appeal of this cause true and correct copies of all matters designated above, and make them a part of the Clerk's Record, and timely deliver the documents designated to the Clerk of the Eighth Court of Appeals in El Paso in a bound volume certified as the Clerk's Record on appeal.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

–2–

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
201 EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 6309
FAX (915) 533-5520
EMAIL lstroud@epcounty.com
SBN 24046929

ATTORNEYS FOR THE STATE

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing

State's Designation of Clerk's Record on Appeal was submitted to the County

Clerk's Office for filing via efile.txcourts.gov, and a copy was provided to Omar

Carmon (carmonalaw@gmail.com) and Kelli Childress, El Paso County Public

Defender (kchildress@epcounty.com), Attorneys for the defendant.

/s/Lily Stroud
LILY STROUD

–3–

EXHIBIT J

▾ **History**

| | | All | Missed | Incoming | Voicemail ≡ | **Speed dial** |

**Cindy B. Perez (Sgt.)**
☎ Incoming           6/17/2024

**C. CANAVA & MGMT.**
☎ Incoming from Cheryl Villa    3s    6/17/2024

**Maggie Morales Aina**
☎ Outgoing    58s    6/11/2024

**Maggie Morales Aina**
☎ Missed incoming    6/11/2024

**Cheryl Villa**
☎ Outgoing    2m 39s    6/7/2024

BS   **Ballard Shapleigh**
☎ Outgoing    6/6/2024

**Ignacio Frausto**
☎ Outgoing    6/6/2024

BS   **Ballard Shapleigh**
☎ Incoming    55s    6/6/2024

JV   **Jennifer Vandenbosch**
☎ Incoming      ⋯   ☎ Call

**Ignacio Frausto**
☎ Missed incoming    6/6/2024

**Maggie Morales Aina**
☎ Incoming    11m 40s    6/5/2024

**Ric Rocha**
☎ Incoming    12m 19s    5/31/2024

JV   **Jennifer Vandenbosch**
☎ Outgoing    5/22/2024

**Cheryl Villa**
☎ Outgoing    5m 53s    5/17/2024

**Add people to speed dial access.**

   &o Add

J~1

# EXHIBIT K

## Bill of Exception

Kelli Childress <KChildress@epcounty.com>

Fri 7/12/2024 11:53 AM

To:Ruben Morales <RuMorales@epcounty.com>;Preston Munson <PMunson@epcounty.com>
Cc:Rebecca Spencer Tavitas <RTavitas@epcounty.com>;Daniel Marquez <DMarquez@epcounty.com>

📎 1 attachments (328 KB)
Bill of Exception with attachments.pdf;

Good morning, Your Honor and Counsel,

Attached you will fine one motion for Bill of Exception, with exhibits.  I will be filing an identical motion in each of the appeals the State has filed on the migrant cases. The only case whose motion will be slightly different will be Victor Manuel Escalante, 20240C03711, as that was the only case in which I filed a written objection to the altered transfer order, so the facts are slightly different there.  Additionally, each client's exhibit 2 will be different, as it will be the screenshot from their individual record.

I have reviewed the motion with the County Clerk referenced in the motion, and she has indicated her agreement with the statement.  I don't know if the Court wants that documented somehow within the motion, or would like to reach out to her directly to ensure that I have not misstated her words.  I can also add that finding as a check box at the end where the Court would sign if that is preferred.

I am uncertain if the procedure is to file the motion first, or have all parties review and obtain the Judge's signature before filing.  Please advise.

Thank you for taking the time to review and I await your responses.

Kelli

K~1

# EXHIBIT L

## Re: Bill of Exception

**Kelli Childress** <KChildress@epcounty.com>

Tue 7/16/2024 1:58 PM

To:Ruben Morales <RuMorales@epcounty.com>;Preston Munson <PMunson@epcounty.com>
Cc:Rebecca Spencer Tavitas <RTavitas@epcounty.com>;Daniel Marquez <DMarquez@epcounty.com>;Chad Bernaeyge <CBernaeyge@epcounty.com>;Todd D. Morten <TMorten@epcounty.com>

Good afternoon,
I was wondering if anyone has had the time to review my requested Bill of Exception.  If so, is there agreement to the facts or will a hearing be needed?  If we need a hearing, my availability is slim over the next few weeks, so maybe we can get something on schedule.
Thanks,
Kelli

---

**From:** Kelli Childress <KChildress@epcounty.com>
**Sent:** Friday, July 12, 2024 11:53 AM
**To:** Ruben Morales <RuMorales@epcounty.com>; Preston Munson <PMunson@epcounty.com>
**Cc:** Rebecca Spencer Tavitas <RTavitas@epcounty.com>; Daniel Marquez <DMarquez@epcounty.com>
**Subject:** Bill of Exception

Good morning, Your Honor and Counsel,

Attached you will fine one motion for Bill of Exception, with exhibits.  I will be filing an identical motion in each of the appeals the State has filed on the migrant cases. The only case whose motion will be slightly different will be Victor Manuel Escalante, 20240C03711, as that was the only case in which I filed a written objection to the altered transfer order, so the facts are slightly different there.  Additionally, each client's exhibit 2 will be different, as it will be the screenshot from their individual record.

I have reviewed the motion with the County Clerk referenced in the motion, and she has indicated her agreement with the statement.  I don't know if the Court wants that documented somehow within the motion, or would like to reach out to her directly to ensure that I have not misstated her words.  I can also add that finding as a check box at the end where the Court would sign if that is preferred.

I am uncertain if the procedure is to file the motion first, or have all parties review and obtain the Judge's signature before filing.  Please advise.

Thank you for taking the time to review and I await your responses.

Kelli

L~1

EXHIBIT M

## RE: Bill of Exception

Ruben Morales <RuMorales@epcounty.com>

Wed 7/17/2024 3:28 PM

To:Kelli Childress <KChildress@epcounty.com>;Todd D. Morten <TMorten@epcounty.com>
Cc:Preston Munson <PMunson@epcounty.com>;Rebecca Spencer Tavitas <RTavitas@epcounty.com>;Daniel Marquez <DMarquez@epcounty.com>;Chad Bernaeyge <CBernaeyge@epcounty.com>

I will set this matter for a hearing.

If an agreement can be reached as to what should be included in the Bill of Exception, we can dispense with the hearing.

Thank you,



**Ruben Morales**
Judge County Court #7

**From:** Kelli Childress <KChildress@epcounty.com>
**Sent:** Wednesday, July 17, 2024 1:25 PM
**To:** Todd D. Morten <TMorten@epcounty.com>
**Cc:** Ruben Morales <RuMorales@epcounty.com>; Preston Munson <PMunson@epcounty.com>; Rebecca Spencer Tavitas <RTavitas@epcounty.com>; Daniel Marquez <DMarquez@epcounty.com>; Chad Bernaeyge <CBernaeyge@epcounty.com>
**Subject:** Re: Bill of Exception

And if the Court still has any concern, no record has been submitted in the case for which I sent a proposed Bill. Furthermore, only 4 records have been submitted, and those were done yesterday, after my request for the Bill.

---

**From:** Todd D. Morten <TMorten@epcounty.com>
**Sent:** Wednesday, July 17, 2024 1:14 PM
**To:** Kelli Childress <KChildress@epcounty.com>
**Cc:** Ruben Morales <RuMorales@epcounty.com>; Preston Munson <PMunson@epcounty.com>; Rebecca Spencer Tavitas <RTavitas@epcounty.com>; Daniel Marquez <DMarquez@epcounty.com>; Chad Bernaeyge <CBernaeyge@epcounty.com>
**Subject:** Re: Bill of Exception

Thanks, Kelli. I was thinking only of motions generally. Yes, that appellate rule governs the situation here, the bill of exceptions. And that rule makes perfect sense. It wouldn't make any sense to ask the COA to abate the appeal so they can order the trial court to take some action when that action is precisely what the court of appeals wants in the first place. The court of appeals is saying, look, we're giving you plenty of time to get your record straight before we look at it.

I just wanted to reiterate that the filing of a NOA does not automatically divest the trial courts of jurisdiction because that is something that keeps coming up.

And based upon the precise concerns in this case it pretty clearly behooves everyone to either come to an agreement or have a hearing.

Todd

> On Jul 17, 2024, at 12:45 PM, Kelli Childress <KChildress@epcounty.com> wrote:
>
> I disagree, and believe the law requires the matter to be heard here and included in the appellate record.
>
> Under the statute a Bill of Exception can be filed up to 30 days after the filing of a notice of appeal in a civil matter, and 60 days after in a criminal matter; TX R APP Rule 33.2(e).
>
> Furthermore, the Court of Criminal Appeals, in *Parrish v. State*, 67 Tex.Crim.558, said "We are sitting here, far removed from the trial of cases, depending wholly and entirely upon the transcript of the proceedings forwarded to us, certified to by the clerks of the various courts, and we cannot and will not tolerate any tampering with the records. We hope that all officers and other persons coming in contact with the records will recognize and appreciate the necessity for these transcripts to be unimpeached and unimpeachable and clerks before sending us the record will compare the copies with the originals on file, and, if any papers bear any evidence which arouses suspicion, let that issue be tried by the trial judge before that paper is copied and sent to us."
>
> I would ask that the Court set the matter for hearing as soon as possible if there is no agreement to the contents of the Bill as requested.
>
> Thanks,
>
> Kelli

---

**From:** Todd D. Morten <TMorten@epcounty.com>
**Sent:** Wednesday, July 17, 2024 11:49 AM
**To:** Ruben Morales <RuMorales@epcounty.com>
**Cc:** Kelli Childress <KChildress@epcounty.com>; Preston Munson <PMunson@epcounty.com>; Rebecca Spencer Tavitas <RTavitas@epcounty.com>; Daniel Marquez <DMarquez@epcounty.com>; Chad Bernaeyge <CBernaeyge@epcounty.com>
**Subject:** Re: Bill of Exception

Hi, Judge:

Trial courts can take action up until the time that the record is filed. And of course that means whether it is the clerk's record or reporter's record, it's whichever is later. That said, it does look like records are beginning to be filed at this moment, in which case in those particular cases you would be correct in that the trial court would be unable to act on most requests.

M~2

Todd

On Jul 17, 2024, at 11:43 AM, Ruben Morales
<RuMorales@epcounty.com> wrote:

Good morning,

I have reviewed the requested Bill of Exception but given that these cases are all currently on appeal, I don't believe the Court is legally authorized to take any action to address this matter without direction from the Court of Appeals.

At the time of the hearing when the Court was asked to take judicial notice of the matters contained in the court file, the only document on file, was a one-page document titled "Order of Certification and Transfer" filed on May 21, 2024. This document purported to transfer a group of cases which were identified in a nonexistent exhibit. The State was given an opportunity to explain the deficient transfer order, but it could not. It also had ample opportunity to request a Nunc Pro Tunc order or file a motion to amend the transfer order or any other motion it believed was appropriate, but it did not.

It is inappropriate to modify a document after it has been filed of record. Consequently, the improperly "updated" documents were not considered by this Court.

I will wait for further instructions from the Eighth Court.

M~3

Thank you,

&lt;image001.png&gt;

**From:** Kelli Childress &lt;KChildress@epcounty.com&gt;
**Sent:** Tuesday, July 16, 2024 1:59 PM
**To:** Ruben Morales &lt;RuMorales@epcounty.com&gt;; Preston Munson &lt;PMunson@epcounty.com&gt;
**Cc:** Rebecca Spencer Tavitas &lt;RTavitas@epcounty.com&gt;; Daniel Marquez &lt;DMarquez@epcounty.com&gt;; Chad Bernaeyge &lt;CBernaeyge@epcounty.com&gt;; Todd D. Morten &lt;TMorten@epcounty.com&gt;
**Subject:** Re: Bill of Exception

Good afternoon,

I was wondering if anyone has had the time to review my requested Bill of Exception. If so, is there agreement to the facts or will a hearing be needed? If we need a hearing, my availability is slim over the next few weeks, so maybe we can get something on schedule.

Thanks,

Kelli

**From:** Kelli Childress &lt;KChildress@epcounty.com&gt;
**Sent:** Friday, July 12, 2024 11:53 AM
**To:** Ruben Morales &lt;RuMorales@epcounty.com&gt;; Preston Munson &lt;PMunson@epcounty.com&gt;
**Cc:** Rebecca Spencer Tavitas &lt;RTavitas@epcounty.com&gt;; Daniel Marquez &lt;DMarquez@epcounty.com&gt;
**Subject:** Bill of Exception

Good morning, Your Honor and Counsel,

Attached you will fine one motion for Bill of Exception, with exhibits. I will be filing an identical motion in each of the appeals the State has filed on the migrant cases. The only case whose motion will be slightly different will be Victor Manuel Escalante, 20240C03711, as that was the only case in which I filed a written objection to the altered transfer order, so the facts are slightly different there. Additionally, each client's exhibit 2 will be different, as it will be the screenshot from their individual record.

I have reviewed the motion with the County Clerk referenced in the motion, and she has indicated her agreement with the statement. I don't know if the Court wants that documented somehow within the motion, or would like to reach out to her directly to ensure that I have not misstated her words. I can also add that finding as a check box at the end where the Court would sign if that is preferred.

M~4

I am uncertain if the procedure is to file the motion first, or have all parties review and obtain the Judge's signature before filing.  Please advise.


Thank you for taking the time to review and I await your responses.


Kelli

# EXHIBIT N

## CC7: Palencia/20240C03816

Araceli Jane <A.Jane@epcounty.com>

Wed 7/17/2024 3:55 PM

To:Maria Chavez <MariChavez@epcounty.com>;Patricia De La Rosa <P.DeLaRosa@epcounty.com>;Ruben Morales <RuMorales@epcounty.com>;Adriana Luevano <ALuevano@epcounty.com>;Bernadette Solis <B.Solis@epcounty.com>;Blanca Flores <BFlores@epcounty.com>;Bobbi J. Torres <BoTorres@epcounty.com>;Christopher Canava <C.Canava@epcounty.com>; CJCPreTrial <CJCPreTrial@epcounty.com>;County Clerk Criminal Court Clerks <CCLKCrimCClerks.gem@epcounty.com>;DG-CCLK-Criminal Management <CountyClerkCriminalManagement@epcounty.com>;Cristina Viesca <C.Viesca@epcountytx.gov>; Deborah Ibaven (Public Defender) <DIbaven@epcounty.com>;Griselda Lasky <G.Lasky@epcountytx.gov>;John Miller <J.Miller@epcounty.com>;Kristian Gallardo <KGallardo@epcounty.com>;Lorena Garcia <LoGarcia@epcounty.com>;Manuel Papadakis <M.Papadakis@epcounty.com>;Monica De La Cruz <MDelacruz@epcounty.com>;PDNotices <PDNotices@epcounty.com>

〣 1 attachments (115 KB)
Court Setting 20240C03816.pdf;

## Monday, July 22, 2024 – 9:00 A.M.
## IN PERSON
County Court at Law No. 7

500 E. San Antonio Ave., 8<sup>th</sup> Floor
El Paso, Texas 79901

# EXHIBIT O

08-24-0017
EIGHTH COURT OF APPE
EL PASO, TE)
7/19/2024 10:04
ELIZABETH G. FLOF
CLE

## NO. 08-24-00171-CR

### IN THE
### COURT OF APPEALS
### EIGHTH DISTRICT OF TEXAS

**THE STATE OF TEXAS**                                    **APPELLANT**

**v.**

**WILSON SALVADO PALENCIA**                              **APPELLEE**

---

### STATE'S EMERGENCY MOTION TO ENFORCE
### ARTICLE 44.01 STATUTORY STAY

---

**TO THE COURT OF APPEALS, EIGHTH DISTRICT OF TEXAS:**

COMES NOW, the State of Texas, in the above styled and numbered cause, and requests an emergency enforcement of the statutory stay of the underlying proceedings, pursuant to Article 44.01(e) of the Texas Code of Criminal Procedure, and would show the Court as follows:

1.    The case before the trial court is styled: *The State of Texas v. Wilson Salvado Palencia*, trial court cause number 20240C03816, in the County Court at Law Number Seven.

2.    On June 28, 2024, the State timely perfected its appeal of a pretrial order, signed on June 9, 2024, dismissing the indictment.

1

O~1

3. On July 12, 2024, the El Paso County Public Defender sent an email communication, on behalf of the appellee, to the trial court, the Hon. Ruben Morales presiding, and the parties, requesting that the trial court sign a purported "Bill of Exception" that appellee intended to file in this appeal (with identical motions filed in "…the appeals the State has filed on the migrant cases"). *See* (Appendix A—email communications with attached purported "Bill of Exception").[1]

4. In this email communication, the Public Defender indicated an intent to add purported evidence to the record through a purported "Bill of Exception," including an alleged statement by an employee with the County Clerk's Office. *See id.*

5. Because: (a) the trial court lacks authority to act further in the case, (b) the State disputes the veracity of the factual allegations contained in the appellee's purported "Bill of Exception" in their entirety, and (c) what the appellee is attempting to have the trial court sign is not actually a bill of exception, but is instead an attempt to supplement the record with additional purported evidence, the State did not respond to these communications.

---

1 By attaching this email communication and appended purported "Bill of Exception," the State is in no way agreeing to the veracity of the statements contained therein or agreeing to the inclusion of the purported "Bill of Exception" as part of the appellate record.

2

O~2

6. In a follow-up email communication on July 16, 2024, the Public Defender requested a hearing in the event that there was no agreement over the allegations contained in appellee's purported "Bill of Exception." *See* (Appendix B—email communications).

7. On July 17, 2024, the trial court responded, initially correctly opining that it was not "…legally authorized to take any action to address this matter without direction from the Court of Appeals." *See id.*

8. In additional email communications, the Public Defender and a deputy public defender represented to the trial court that it had the authority to hold a hearing on the requested purported "Bill of Exception" under rule 33.2(e) of the rules of appellate procedure. *See id.*

9. Late in the afternoon on Wednesday, July 17, 2024, the trial court responded that it would "…set this matter for a hearing," unless the parties could agree as to what should be included in the purported "Bill of Exception." *See id.*

10. The trial court subsequently set a hearing on the "Defendant's Request for a Bill of Exception" for this **upcoming Monday, July 22, 2024, at 9:00 a.m.** *See* (Appendix C—"Court Setting," setting a hearing for Monday, July 22, 2024, at 9:00 a.m.).

3

11. The State respectfully requests that this Court order the trial court to vacate its hearing setting pursuant to TEX. CODE CRIM. PROC. art. 44.01(e) and *Ex Parte Macias*, 541 S.W.3d 782, 785-86 (Tex.Crim.App. 2017).

12. TEX. CODE CRIM. PROC. art. 44.01(e) provides that "[t]he state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article." TEX. CODE CRIM. PROC. art. 44.01(e).

13. In *Ex Parte Macias*, the Court of Criminal Appeals held that when the State appeals under 44.01(a) or (b), it is entitled to a stay in the proceedings and that "'…the trial court is deprived of jurisdiction over the case during the pendency of' a State's appeal and that jurisdiction resumes in the trial court only after 'the appellate court's…mandate issue[s].'" *See Ex parte Macias*, 541 S.W.3d at 786, *quoting State v. Robinson*, 498 S.W.3d 914, 921 (Tex.Crim.App. 2016).

14. Additionally, this Court has the authority to take whatever actions are necessary to ensure the enforcement of its orders. *See State v. Villegas*, No. 08-15-00002-CR, 2015 WL 1477748, at *3 (Tex.App.—El Paso Mar. 23, 2015, no pet.) (op. on motion), *citing* TEX. GOV'T CODE § 21.001(a) ("A court has all powers necessary for the exercise of its own discretion and the enforcement of its lawful orders, including authority to issue writs and orders

4

O-4

necessary and proper in aid of its jurisdiction.").

15. In the email communications with the trial court, the Public Defender argued that rule 33.2 of the rules of appellate procedure gave the trial court the authority to hold appellee's requested hearing. *See* (Appendix B).

16. Rule 33.2, located within the section of the rules of appellate procedure regarding error preservation *for an appealing party*, allows for formal bills of exception by a complaining party, which appellee, as the prevailing party in these appellate proceedings, is not. *See* TEX. R. APP. P. 33.2 ("*To complain on appeal* about a matter that would not otherwise appear in the record, a party must file a formal bill of exception.") (emphasis added).

17. Black's Law Dictionary defines a "bill of exception" as: (1) "[a] formal written statement—signed by the trial judge and presented to the appellate court—of a party's objections or exceptions taken during trial and the grounds on which they are founded," and (2) "[i]n some jurisdictions, a record made to preserve error after the judge has excluded evidence." *See* BLACK'S LAW DICTIONARY.

18. Likewise, rule 33.2, upon which appellee attempts to rely, is located within the section of the rules of appellate procedure entitled, "Preservation of Appellate Complaints." *See* TEX. R. APP. P. 33.

5

19. And contrary to the Public Defender's representation that rule 33.2(e) provides that "…a Bill of Exception can be filed…60 days after in a criminal matter," *see* (Appendix B), rule 33.2 provides only that a bill of exception may be filed in criminal cases: (a) "…no later than 60 days after the trial court pronounces or suspends sentence in open court;" or (b) "…if a motion for new trial has been timely filed, no later than 90 days after the trial court pronounces or suspends sentence in open court." *See* TEX. R. APP. P. 33.2(e)(2)(A)-(B). Neither scenario applies here.

20. The document the appellee is attempting to induce the trial court to sign is not actually a bill of exception as that term is defined. Rather, the appellee's purported "Bill of Exception" is an attempt to reopen the evidence and add an unsubstantiated, uncross-examined, hearsay version of factual allegations that the appellee wants the trial court to find as true in order to buttress the trial court's favorable—not adverse—ruling. *See* (Appendix A).

21. As such, the State requests this Court to direct the trial court, specifically, the County Court at Law Number Seven, to vacate its hearing setting and take no further action in this case or to enter any orders that constitute a violation of the Article 44.01 statutory stay, with the exception of matters related to appellee's bail, if applicable. *See Villegas*, 2015 WL 1477748 at \*2 (op. on

6

motion to enforce stay) (granting the State's motion to enforce the stay, vacating orders entered by the trial court that violated the stay order, and directing the trial court to not take any further action or enter any orders in the underlying case, except on motion filed with this Court and on notice to the concerned parties); *In re El Paso County Commissioners Court*, 164 S.W.3d 787 (Tex.App.—El Paso 2005, op. on motion to enforce stay) (granting the relator's motion to enforce the stay, declaring the respondent's orders, issued in violation of this Court's stay order, a nullity, and admonishing the respondent not to take further action on the case during the pendency of the stay).

## PRAYER

WHEREFORE, the State prays that its motion to enforce the Article 44.01 statutory stay will be granted and that the State's request that the trial court be directed to vacate its hearing setting and take no further action be granted.

Respectfully submitted,

BILL D. HICKS
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Lily Stroud
LILY STROUD
ASST. DISTRICT ATTORNEY
DISTRICT ATTORNEY'S OFFICE
EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., STE. 201
EL PASO, TEXAS, 79901
TELEPHONE: (915) 546-2059 ext. 6309
FAX: (915) 533-5520
E-MAIL: lstroud@epcounty.com
SBN: 24046929

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yvette Unzueta on behalf of Kelli Childress
Bar No. 24123476
yunzueta@epcounty.com
Envelope ID: 93581612
Filing Code Description: Motion
Filing Description: Motion to Abate
Status as of 10/25/2024 1:57 PM MST

Associated Case Party: District Attorney's Office

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| El Paso District Attorney's Office | | daappeals@epcounty.com | 10/25/2024 11:22:30 AM | SENT |
| Lily Stroud | | daappeals@epcounty.com | 10/25/2024 11:22:30 AM | SENT |
| Ballard Shapleigh | | B.Shapleigh@epcounty.com | 10/25/2024 11:22:30 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DISTRICT ATTORNEYAPPEALS | | daappeals@epcounty.com | 10/25/2024 11:22:30 AM | SENT |
| TODD MORTEN | | TMorten@epcounty.com | 10/25/2024 11:22:30 AM | SENT |
| Blanca Flores | | bflores@epcounty.com | 10/25/2024 11:22:30 AM | SENT |
| KAREN RIVERA | | KRIVERA@EPCOUNTY.COM | 10/25/2024 11:22:30 AM | SENT |
| Yvette Unzueta | | yunzueta@epcounty.com | 10/25/2024 11:22:30 AM | SENT |

Associated Case Party: MelvinIsmaelZurita

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Anthony Gonzales | 8118575 | agonzales10@elp.rr.com | 10/25/2024 11:22:30 AM | SENT |
| Kelli Childress | | kchildress@epcounty.com | 10/25/2024 11:22:30 AM | SENT |